Elaine Cannella
LARKSPUR (General Innovations West, LLC)
15732 Los Gatos Blvd #410
Los Gatos, CA 95032
Tel.  (408)453-5446

RECEIVED

08 JUN 23 PM 4:49

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Discovery Respondent
Larkspur, a Non-Party to the Complaint

## UNITED STATES DISTRICT COURT
### Northern District of California
### San Jose Division
### 280 So First Street #3035
### San Jose, CA 95113-3099

FILED
JUN 23 2008
RICHARD W. WIEKING
CLERK U.S. ...
NORTHERN DIS...
SAN JOSE ...

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al | ) Case #C08 02996 |
| | ) |
| Petitioner | ) SF Police CU v. Stewart |
| | ) |
| v. | ) EX PARTE MOTION FOR PERMISSION |
| | ) TO FILE A MOTION FOR |
| WILLIAM BULLOCK STEWART III, Et Al | ) RECONSIDERATION |
| | ) |
| Respondent | ) |
| | ) |

DATE:        June 24, 2008
TIME:        TBD
PLACE:       TBD
TRIAL DATE:  after Oct. 8, 2008

Larkspur, non party to the suit, moves the court for an order permitting submission of a motion for reargument on the motion for monetary sanctions and to compel of business records that the Superior Court of California, Santa Clara County granted on June 13, 2008, immediately prior to removal of this case to U.S. District Court, Northern District of California, San Jose Division.

### Grounds for Relief

Page 1 of 39
Motion for Reconsideration of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

1. The grounds for relief are rule 1, on page 149, U.S. District Court Handbook: The facts or law that the opposing party presented to the court are significantly different from the actual facts or law and the party applying for reconsideration could not reasonably have known the true facts or law before the court entered the order that the party now wants the court to change.

2. The differing facts presented by opposing party were that Larkspur did not produce business records supoena'd.

3. The actual facts are that business records were produced by Larkspur to third party Quest Discovery Services prior to hearing.

4. Quest did not call or coordinate with opposing party.

5. Opposing party indicated that they would remove matter from calendar if records were produced.

6. Matter was not removed from calendar.

7. Opposing party did receive email from defendant that Larkspur (non-party to suit) had complied.

8. Opposing party did not take matter off calendar and went to court unopposed.

9. Larkspur is now in a position to present an affidavit from the author that will show beyond question that the business records documents were provided for use in connection with this litigation prior to the hearing on the motion for sanctions, and that these documents had no connection with or legitimate use in the prosecution of the claim by plaintiff, SFPCU.

Supporting Papers

This motion is based on the pleadings and papers on file in this action, this motion, the attached Notice of Motion, the accompanying memorandum of Points and authorities, the affidavit of Elaine Cannella and whatever evidence and argument is presented at the hearing of this motion.

June 23, 2008

Elaine Cannella<br>
on Behalf of Larkspur<br>
x <i>Elaine Cannella</i><br>
Elaine Cannella

RECEIVED
08 JUN 23 PM 4:51
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Page 2 of 39
Motion for Reconsideration of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

**Memorandum of Points and Authorities**

1. Appeal of American Exp. Warehousing, Ltd. V. Transamerica Ins. Co., 380 F.2d 277 (2d Cir. 1967)

// End Memorandum //

Motion for Reconsideration of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

# UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

SAN FRANCISCO POLICE CREDIT UNION, ) Case #C08 02996
Et Al )
                         Petitioner ) SF Police CU v. Stewart
                        )
            v. ) EX PARTE MOTION FOR PERMISSION
                        ) TO FILE A MOTION FOR
WILLIAM BULLOCK STEWART III, ) RECONSIDERATION
Et Al )
                        )
                Respondent )
                        )

RECEIVED

JUN 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

DATE:      June 24, 2008
TIME:      TBD
PLACE:    TBD
TRIAL DATE:  after Oct. 8, 2008

To: Michael R. Sordelli, CEO / President / Registered agent for service of process, San Francisco Police Credit Union, Plaintiff, and
To: Jonathan Seigel, Plaintiff's attorney of record:

PLEASE TAKE NOTICE that on June 23, 2008, at _____ [time], or as soon thereafter as the matter can be heard, in Magistrate Judge Richard Seeborg's Department of the above-entitled court, located at 280 South First St., #3035, San Jose, CA 95113-3099, Larkspur, a non-party to the Complaint, will move the court permission to file a motion for reconsideration, and an order either:
1. firstly reversing the previous order for monetary sanctions and to compel production of business records, or
2. secondly an order referring the motion to the Appellate Court for de novo consideration.

The motion will be based on this notice of motion, on the attached memorandum of points and authorities, on the attached declaration of Elaine Cannella, and on all the papers, pleadings, and records on file in this action.

Page 4  of  39
Motion for Reconsideration of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996