## DECLARATION OF WILLIAM BULLOCK STEWART, III

I, William Bullock Stewart, III, declare:

1. I am the defendant in the above-entitled action, and an independent consultant that works on consulting contracts through Larkspur. Larkspur is the non-party movant in this motion.

2. I have a personal knowledge of the following facts:

3. I spoke with Jonathan Seigel, Attorney for the Plaintiff approximately six weeks prior to the hearing on the motion for sanctions and to compel production of business records by Larkspur.

4. Jonathan Seigel, Attorney for the Plaintiff, stated that if Larkspur provided the discovery prior to the June 13th hearing, motion for sanctions that he would take the hearing off calendar.

5. I was told by Elaine Cannella that on June 12th, Larkspur had produced business records to the third party Quest Discovery Services.

6. I sent an email to Jonathan Seigel, Attorney for the Plaintiff, approximately 3 AM on June 13, just in case Quest had failed to inform Seigel of the transaction. The email stated that Larkspur had complied with Plaintiff's subpoena on the previous day, and given records to Quest, so Plaintiff's attorney should take the matter off calendar before the hearing.

7. I let Elaine Cannella of Larkspur know that I had sent an email to Plaintiff's attorney, Jonathan Seigel, that he could now take the motion off calendar. I had been corresponding with Plaintiff's attorney almost every day that week in addition to telephone conversations, and believe that he saw my email to him when he first came into work on June 13th. Mr. Seigel's custom is to 'telephone conference' in to the motion hearings at the Superior Court of California, Santa Clara County, and not be present personally at the hearings. The hearing was scheduled for 10 AM, and Seigel telephoned in for it, despite my email, misrepresented the facts and lied to the court and conducted his business accordingly.

8. Elaine Cannella of Larkspur did not send anyone to the hearing because Plaintiff's attorney, Jonathan Seigel, had told me that he would take the motion off calendar if Larkspur complied with the subpoena and I passed this statement from attorney Seigel to Larkspur.

9. Clearly opposing counsel lied to me, and ignored the fact that the documents he subpoenaed were received by Quest Discovery Services, on June 12th, which is fraud, that then caused Elaine Cannella of Larkspur to not send anyone to the hearing on June 13th.

Page 8 of 39
Motion for Reconsideration of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

10. By not taking the case off calendar, Plaintiff's attorney, Jonathan Seigel, acted in bad faith, and this is not the first time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 20, 2008.

William Bullock Stewart, III

_____ [Signature]

RECEIVED 08 JUN 23 PM 4:52
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Page 9 of 39

Motion for Reconsideration of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996