Elaine Cannella
LARKSPUR (General Innovations West, LLC)
15732 Los Gatos Blvd #410
Los Gatos, CA 95032
Tel. (408)453-5446

RECEIVED

08 JUL -1 PM 4:43

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Discovery Respondent
Larkspur, a Non-Party to the Complaint
And
Cross-Complainant in Cross-Complaint

FILED

JUL 0 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al | Case #C08 02996 |
| Petitioner | SF Police CU v. Stewart |
| v. | ORDER ON MOTION FOR STAY OF SANCTIONS FILED BY LARKSPUR PENDING MOTION FOR RECONSIDERATION OF SANCTIONS |
| WILLIAM BULLOCK STEWART III, Et Al | |
| Respondent | DATE:  July 1, 2008<br>TIME:  0845 AM<br>PLACE: Dept. 7, Sup. Ct.<br>TRIAL DATE: U.S. District Ct., Not Set |

Page 1 of 10
Ex Parte Motion for Stay of June 13, 2008 Sup. Ct. Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

ELAINE CANNELLA
LARKSPUR (General Innovations West, LLC)
15732 Los Gatos Blvd #410
Los Gatos, CA 95032
Tel. (408)453-5446



Discovery Respondent
Larkspur, a Non-Party to the Complaint

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

## 191 NORTH FIRST STREET, SAN JOSE, CA 95113

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, ) Et Al ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> WILLIAM BULLOCK STEWART III, ) Et Al ) <br> Respondent ) <br> ) | Case #1-07-CV-089409 <br><br> SF POLICE CREDIT UNION v. STEWART <br><br> PROPOSED ORDER ON EX PARTE <br> MOTION TO STAY FINE <br> (Fed. R. Crim. P. 38(c)) <br><br> DATE:  July 1, 2008 <br> TIME:  0845 AM <br> PLACE:  Dept. 7 <br> TRIAL DATE:  Not Set |

On July 1, 2008, Larkspur moved this court to stay the obligation to pay the order for monetary sanction of $871.00 imposed by the Superior Court of California, Santa Clara County, immediately prior to removal of the case to U.S. District Court pending the appeal filed by Larkspur on June 23, 2008. Good cause appearing,

IT IS ORDERED that
1. Execution of the monetary sanctions portion of the order requiring payment of a shift in attorney fees of $871.00 is stayed;
2. The stay requirement for bond payment to Clerk of this Court is waived due to pauperism of Larkspur.
3. The stay is granted until 20 days after the hearing reconsidering the motion for sanctions brought by plaintiff against Larkspur.

Page 8 of 11
Ex Parte Motion for Stay of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

## ORDER GRANTING STAY OF FINE FOR SANCTIONS

✳ The Clerk is directed to transmit copies of this Order to:
counsel of record for Plaintiff, Defendant, and mail a copy of this Order to Larkspur.

DATED: July __1__, 2008.

_____
HONORABLE SOCRATES PETER MANOUKIAN
JUDGE OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA

✳4. Motion for reconsideration to be set for 1 August 2008 at 8:30 a.m. This order is without prejudice to the bringing of a motion by π under CCP §128.7. Moving party must have an attorney at the hearing.

Page 9 of 11
Ex Parte Motion for Stay of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

## DECLARATION OF ELAINE CANNELLA

I, Elaine Cannella, declare:

1. I am a non-party to the above entitled action, although I am a party to a cross-complaint filed against the Plaintiff in this action in U.S. District Court. I represent the interests of Larkspur, which is a California LLC.

2. I have a personal knowledge of the following facts:

3. I was told by Defendant William B. Stewart, III, approximately six weeks prior to the hearing on the motion for sanctions and to compel production of business records by Larkspur, that Jonathan Seigel, Attorney for Plaintiff, had stated that if Larkspur provided the discovery prior to the June 13th hearing on the motion for sanctions, that Seigel would take the hearing off calendar.

4. I produced all the business records in the possession of Larkspur that were requested to the third party Quest Discovery Services on June 12th, and obtained two signed receipts from two individual at Quest Discovery Services for the records delivered and signed agreement on that same receipt that Quest would call and notify Jonathan Seigel on June 12th that Quest had received the documents for him.

5. I was told by Defendant William B. Stewart, III, on the morning of July 13th, that he had also sent an email personally to Plaintiff's attorney, Jonathan Seigel, that he could now take the motion off calendar. As Plaintiff's attorney, Jonathan Seigel, said he would do, but didn't.

6. I did not send anyone to the June 13th hearing because of my belief and understanding that Plaintiff's attorney, Jonathan Seigel, would take the motion off calendar, because documents were received prior to June 13th per his letter received by Larkspur on June 6th, and the information supplied by William B. Stewart, III from Jonathan Seigel.

7. Clearly opposing counsel lied to Defendant Stewart, who is represented In Proper Persona. Plaintiff's have lied in the past to the San Mateo City Police, which caused them to perform a home invasion without warrant on March 10, 2008 and various other civil rights abuses. Fraud perpetrated by Plaintiff's attorney, Jonathan Seigel caused me to not to send anyone to the hearing on the plaintiff's motion for sanctions and to compel production of business records, resulting a default ruling, and unchallenged intrinsic fraud perpetrated against the court by plaintiff's attorney (based upon the order's "statement of the facts"). By not taking the case off calendar after he had received information from Larkspur via Quest Discovery Services (see two letters of acknowledgement), Plaintiff's attorney, Jonathan Seigel, acted in bad faith.

Page 10 of 11
Ex Parte Motion for Stay of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 20, 2008.                                                                                  Elaine Cannella

x _____*Elaine Cannella*_____

Page 11 of 11
Ex Parte Motion for Stay of June 13, 2008 Order, brought by Larkspur (non-party),
SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div.,
Case #C08 02996

# SUPERIOR COURT, STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA
### DEPARTMENT 7

191 North First Street, San Jose, CA 95113
408.882.2170  ·  408.882.2193 (fax)
smanoukian@scscourt.org
http://www.sccsuperiorcourt.org



(For Clerk's Use Only)

| | | |
|---|---|---|
| SAN FRANCISCO POLICE CREDIT UNION v. STEWART | | Case No.: 1-07-CV-089409 |
| Date: 13 June 2008 | Time: 10:00 a.m. | Line Number: 5 |

This matter will be heard by the Honorable Judge Socrates Peter Manoukian in Department 7 in the Downtown Superior Courthouse, 3rd Floor, 191 North First Street, San Jose. Any party opposing the tentative ruling must call Department 7 at 408.882.2170 and the opposing party no later than 4:00 PM on Thursday 12 June 2008. If you wish to contest the tentative ruling, please specify the issue using the email protocol. Send a copy of your email to all counsel.

The motions of Plaintiff San Francisco Police Credit Union ("SFPCU") to compel a third party Larkspur aka Larkspur Consultants ("Larkspur") to provide documents pursuant to the Deposition Subpoena for Production of Business Records and for monetary sanctions came on regularly for hearing before the Honorable Socrates Peter Manoukian on 13 June 2008 at 10:00 a.m. in Department 7. The matter having been submitted, the Court finds and orders as follows:

The motions are not opposed.[1]

The moving papers fail to comply with Rule of Court 3.1110(f) (Tabs on Exhibits[2].)

### STATEMENT OF FACTS.

This case involves loan fraud. Plaintiff San Francisco Police Credit Union ("SFPCU") made a loan to Defendant William Bullock Stewart III ("Stewart") in the amount of $25,000. Before awarding the loan, Stewart submitted a Loan Request for $25,000 and made several representations claiming that he was employed with Larkspur and that he made an annual income of $152,011.80. To verify such representations, Stewart provided, with the loan application, a letter from Larkspur stating the same. On March 15, 2007, Stewart breached and continues to breach the Loan Agreement by failing to make the required payments.

SFPCU brings three cause of actions against Stewart: 1) Breach of Contract: Stewart breached the Loan Agreement by failing to make timely payments for the months of March through June under the Agreement; 2) Against Defendant for Money Had and Received: Stewart is indebted to his lender, SFPCU, and now owes an unpaid sum of $25,471.03 (principle plus interest) to SFPCU for money had and received and for their benefit; 3) Fraud: Stewart intentionally made representations about his employment and annual income to SFPCU while knowing them to be false in order to induce SFPCU to loan him $25,000.

SFPCU argues that it has suffered damages as a result of Stewart's conduct.

To determine whether Stewart's representations that he was employed by Larkspur and earned an annual income of over $152,000 are true, and to prepare for trial and avoid surprise at trial, Plaintiffs, through Quest Discovery Services, served on Larkspur a Deposition Subpoena for Production of Business Records. Production was due April

---

[1] "The failure to file a written opposition or to appear at a hearing or the voluntary provision of discovery shall not be deemed an admission that the motion was proper or that sanctions should be awarded." (Rule of Court 3.1030(b).)

[2] Each exhibit shall be separated by a hard 8- 1/2 x 11 sheet with hard paper or plastic tabs extending below the bottom of the page, bearing the exhibit designation. An index to exhibits shall be provided. Pages from a single deposition and associated exhibits shall be designated as a single exhibit. Exhibits written in a foreign language shall be accompanied by an English translation, certified under oath by a qualified interpreter. (Subd (e) adopted effective July 1, 1997.)

15, 2008. To date, Larkspur has failed to produce any documents, make objections, or contact Plaintiff despite Plaintiff's efforts to contact Larkspur since the deadline.

The motion is GRANTED. Documents and things shall be produced within 20 calendar days of this Order. Objections are deemed waived.

The request of SFPCU for monetary sanctions is GRANTED. The request is code-compliant. Larkspur acted without substantial justification, pursuant to Code of Civil Procedure, § 2023.010(d) by failing to respond or to submit to an authorized method of discovery. Larkspur shall pay $871.00 to counsel for SFPCU within 20 calendar days of this Order.

DATED: JUN 13 2008

HON. SOCRATES PETER MANOUKIAN
*Judge of the Superior Court*
*County of Santa Clara*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA 95113-1090


TO:   William Bullock Stewart III
      1461 Forrestal Ave.
      San Jose, CA 95110


RE:  San Francisco Police Credit Union vs W. Stewart
Case Nbr:  1-07-CV-089409

PROOF OF SERVICE


ORDER AFTER HEARING


was delivered to the parties listed below in the above entitled case as set forth in the sworn declaration below.


Parties/Attorneys of Record:

CC: Spencer P. Scheer , Scheer Law Group, LLP
    155 N. Redwood Drive, Suite 100, San Rafael, CA 94903


If you, a party represented by you, or a witness to be called on behlaf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or the Voice/TDD California Relay Service, (800)735-2922.


DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on 6-17-08. KIRI TORRE, Chief Executive Officer/Clerk by Jessie Torres, Deputy

# Larkspur, a Consulting Agency
**Division of General Innovations West, Inc**
15732 Los Gatos Blvd #410
Los Gatos, CA 95032
408-453-0530

June 12, 2008

Quest Discovery Services
981 Ridder Park Drive
San Jose, CA 95131

Re: William B. Stewart, III

To Whom It May Concern:

Attached herewith are documents requested for Jonathan Siegel, Attorney for the Scheer Law Group, LLP in the case of San Francisco Police Credit Union /v/ Stewart

I, __Onesimo Pestrian Jr / For Jessica__ (Signature), have received the documents subpoenaed, for Quest Discovery Services.

Quest will notify Jonathan Siegel that the documents are in hand and received this 12th day of June, 2008.

Best Regards,

*(signature)*

Elaine Cannella
Office Manager

cc: Corporate Office

# Larkspur, a Consulting Agency

**Division of General Innovations West, Inc**
15732 Los Gatos Blvd #410
Los Gatos, CA 95032
408-453-0530

June 12, 2008

Quest Discovery Services
981 Ridder Park Drive
San Jose, CA 95131

Re: William B. Stewart, III

To Whom It May Concern:

Attached herewith are documents requested for Jonathan Siegel, Attorney for the Scheer Law Group, LLP in the case of San Francisco Police Credit Union /v/ Stewart

I, _Darcy Snyder_, have received the documents subpoenaed, for Quest Discovery Services.

Quest will notify Jonathan Siegel that the documents are in hand and received this 12th day of June, 2008.

Best Regards,

Elaine Cannella
Office Manager

cc: Corporate Office