1  SCHEER LAW GROUP, LLP
   SPENCER P. SCHEER #107750
2  JOSHUA L. SCHEER #242722
   AUSTIN D. GARNER #184022
3  JONATHAN SEIGEL # 168224
   155 N. Redwood Drive, Suite 100
4  San Rafael, CA  94903
   Telephone:  (415) 491-8900
5  Facsimile:  (415) 491-8910
   S.135-215S
6

7  Attorneys for Cross-Defendants
   SCHEER LAW GROUP, LLP,
8  SPENCER SCHEER, and JONATHAN
   SEIGEL
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

                    **SAN JOSE DIVISION**
12
   SAN FRANCISCO POLICE CREDIT          No. C08 02996 RS
13 UNION,
                                        **CROSS-DEFENDANTS' NOTICE**
14          Plaintiff,                  **OF MOTION AND MOTION TO**
                                        **DISMISS**
         vs.                            **COUNTERCLAIM/CR0SS-**
15                                      **COMPLAINT, OR**
   WILLIAM BULLOCK STEWART III,         **ALTERNATIVELY, SEVER**
16 and DOES 1-50, inclusive             **MOVING PARTIES**

17          Defendants.                 Hearing:

18                                      Date: August 27, 2008

19                                      Time: 9:30 a.m.

20                                      Place: U.S. District Court

21                                            280 South 1st Street

22                                            Courtroom 4, 5th Floor

                                              San Jose, CA
23

24

25
                  **NOTICE OF MOTION AND RELIEF DESIRED**
26

27       TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

28

YOU ARE HEREBY NOTIFIED THAT on August 27, 2008 at 9:30 a.m. in Courtroom 4 of this Court located at 280 South 1st Street, 5th Floor, San Jose, California, Cross-Defendants SCHEEL LAW GROUP, LLP, SPENCER SCHEER, and JONATHAN SEIGEL ("Moving Parties") will move this Court for an Order dismissing the Counterclaim/Cross-Complaint against Moving Parties or, alternatively, severing Moving Parties from the Counterclaim/Cross-Complaint and remanding the claims against Moving Parties to state court.

### GROUNDS FOR MOTION

Moving Parties should be dismissed from the Counterclaim/Cross-Complaint because there is no subject matter jurisdiction over them (FRCP 12(b)(1)) because no federal claim is raised as to Moving Parties and there is no diversity jurisdiction, and the Counterclaim/Cross-Complaint fails to state claim against them because all of Moving Parties' alleged conduct was privileged and/or not actionable in any event, and, because Moving Parties' alleged conduct was privileged, violates California Code of Civil Procedure Section 425.16 (FRCP 12(b)(6)). Alternatively, Moving Parties should be severed from the Counterclaim/Cross-Complaint and the claims against them remanded to state court (FRCP 21).

### RECORD FOR MOTION

This Motion is based on this document, the Memorandum of Points and Authorities, the Declaration of Jonathan Seigel (as to the application of Code of Civil Procedure Section 425.16 only), the Certificate of Service, and on whatever argument and evidence the parties may offer at the hearing on this Motion.

Dated: July 17, 2008                    SCHEER LAW GROUP, LLP


                                        /s/ Jonathan Seigel
                                        168224

1  SCHEER LAW GROUP, LLP
   SPENCER P. SCHEER #107750
2  JOSHUA L. SCHEER #242722
   AUSTIN D. GARNER #184022
3  JONATHAN SEIGEL # 168224
   155 N. Redwood Drive, Suite 100
4  San Rafael, CA  94903
   Telephone:  (415) 491-8900
5  Facsimile:  (415) 491-8910
   S.135-215S
6
7  Attorneys for Cross-Defendants
   SCHEER LAW GROUP, LLP,
8  SPENCER SCHEER, and JONATHAN
   SEIGEL
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

                    **SAN JOSE DIVISION**
12
   SAN FRANCISCO POLICE CREDIT          No. C08 02996 RS
13 UNION,
                                        **DECLARATION OF JONATHAN**
14            Plaintiff,                **SEIGEL IN SUPPORT OF CROSS-**
                                        **DEFENDANTS' MOTION TO**
15      vs.                             **DISMISS**
                                        **COUNTERCLAIM/CR0SS-**
   WILLIAM BULLOCK STEWART III,         **COMPLAINT, OR**
16 and DOES 1-50, inclusive             **ALTERNATIVELY, SEVER**
                                        **MOVING PARTIES**
17            Defendants.
                                        Hearing:
18
                                        Date: August 27, 2008
19
                                        Time: 9:30 a.m.
20
                                        Place: U.S. District Court
21
                                               280 South 1st Street
22
                                               Courtroom 4, 5th Floor
23
                                               San Jose, CA
24

25

26       I, Jonathan Seigel, declare:

27       1.      I am an attorney for moving parties, Scheer Law Group, LLP, Spencer Scheer and

28 myself ("Moving Parties").

2.      I have personal knowledge of the facts stated herein, am competent to testify thereto, and will so testify if called as a witness.

3.      Moving Parties represented SF POLICE CREDIT UNION ("SFPCU") in the action it filed in state court against William Stewart, which has been remanded to this court. Moving Parties are not the employees of the SFPCU, its agents or representatives except in connection with legal representation of the SFPCU.

4.      In February 2008, Mr. Stewart and the SFPCU verbally agreed on a settlement in which would be documented through a Stipulation for Entry of Judgment and a Judgment Pursuant to Stipulation.  True and correct copies of the drafts of those documents, which I sent to Mr. Stewart for his signature, are attached hereto as Exhibit "A".  Mr. Stewart did not sign those documents, failed to advise why, and failed to respond to my inquiries after I sent those documents to him.

5.      Mr. Stewart has never tendered to me payment of the debt owing.

6.      Contrary to the allegation in Paragraph 84 of the Counterclaim/Cross-Complaint that I "claimed falsely that Stewart had given input and agreed to" the terms of the Stipulation and the Judgment, all that occurred was that I provided him with a copy of the draft Judgment with a signature block for him to sign it as "Approved as to Form".  I never represented to the court or anyone else that he had actually signed it "Approved as to Form."

7.      In Paragraph 84 of the Counterclaim/Cross-Complaint, Cross-Plaintiffs allege that the [Santa Clara Superior] Court had ruled that Mr. Stewart was not required to pay attorneys' fees to the SFPCU.  To the contrary, the court provided the SFPCU with leave to amend to allege entitlement to attorneys' fees  The operative Second Amended Complaint ("SAC") alleges entitlement to attorneys' fees and prays for them.  Mr. Stewart did not challenge these allegations.  Rather, he filed an Answer to the SAC.

1        8.    My hourly billing rate in this case has been $230.00.  My total time on this motion

2    is as follows: 13.7 hours drafting the moving papers, an anticipated 3 hours reviewing the

3    opposition papers and drafting Plaintiff's reply papers, and an anticipated 2 hours for attending

4    the hearing.  Accordingly, total hours are an estimated 18.7 hours or $4,301.00.

5        I declare under the penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.

7

8

9                            SCHEER LAW GROUP, LLP

10   DATED: _July 17, 2008_____

11                           /s/ Jonathan Seigel
                             168224

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | SCHEER LAW GROUP, LLP
   | SPENCER P. SCHEER #107750
2 | JOSHUA L. SCHEER #242722
   | AUSTIN D. GARNER #184022
3 | REILLY WILKINSON #250086
   | JONATHAN SEIGEL #168224
4 | 155 N. Redwood Drive, Suite 100
   | San Rafael, CA 94903
5 | Telephone: (415) 491-8900
   | Facsimile: (415) 491-8910
6 | S.135-215S
   | Attorneys for Plaintiff
7 | SAN FRANCISCO POLICE CREDIT UNION

8

9        **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
          **IN AND FOR THE COUNTY OF SANTA CLARA**

10 | SAN FRANCISCO POLICE CREDIT      No. 1-07-CV-089409
11 | UNION,
                         Unlimited Civil
12 |          Plaintiff,
                         **STIPULATION FOR ENTRY OF**
        vs.                              **JUDGMENT**
13 |
14 | WILLIAM BULLOCK STEWART III,
     and DOES 1-50, inclusive
15 |          Defendants.

16

17        Plaintiff SF POLICE CREDIT UNION, by and through its attorney of record,

18 Jonathan Seigel of Scheer Law Group, LP, and Defendant WILLIAM BULLOCK

19 STEWART III, appearing in propria persona, hereby stipulated and agree as follows:

20        1.      In the event that, no later than June 30, 2008 ("Payment Deadline"), Defendant

21 pays to Plaintiff the sum of $25,627.95, plus interest in the amount of $8.95 per day beginning

22 February 15, 2007, Plaintiff shall dismiss this case with prejudice and Defendant shall be

23 released ("Release") from all claims as follows: Plaintiff hereby completely releases and forever

24 discharges Defendant , and each of its heirs, successors, assigns, affiliates, subsidiaries, parents,

25 partners, officers, directors, attorneys, shareholders, agents, servants and employees, from any

26 and all claims, actions, causes of action or demands, whether in law or equity, either ex contractu

27 or ex delicto, for damages or any other things whatsoever, known or unknown, presently in

28 existence or which may arise in the future, arising out of or in connection with any claim, cause,

act or event whatsoever arising out of or in connection with the loan in the amount of $25,000

1

**EXHIBIT**

**A**

1  made by Plaintiff to Defendant on or about January 23, 2007, including any claim for repayment

2  of amounts paid by Plaintiff to Defendant in connection with said loan.  TIME IS OF THE

3  ESSENCE.

4          2.      In the event Defendant fails to make the payment described in Paragraph 1 above,

5  by the Payment Deadline, the provisions of Paragraph 1 shall not be effective, and upon

6  application to the court with notice to Defendant, Judgment shall be entered in Plaintiff's favor

7  against Defendant in the amount of $26,640.12, plus interest in the amount of $8.95 per day

8  beginning July 1, 2008 to the day of Judgment said Judgment is paid in full.  Plaintiff shall be

9  required to provide Defendant with notice of his failure to make payment by the Payment

10  Deadline.  If Defendant opposes the entry of Judgment pursuant to this Stipulation, Defendant

11  shall provide to Plaintiff evidence that payment was made in full on or before the Payment

12  Deadline.  Plaintiff shall provide all such information provided by Defendant to the Court along

13  with this Stipulation and its request for entry of Judgment pursuant to this Stipulation.

14          3.      The parties request that the Judgment expressly state that, in the event that

15  Defendant files for bankruptcy, Plaintiff reserves its right to file an action for nondischarge of the

16  debt owing under this Judgment pursuant to 11 USC Section 523(a) and its right to object to

17  discharge of said debt pursuant to 11 USC 727, *et seq.* for reasons including, but not limited to,

18  fraud, false representation, false pretenses, willful and malicious injury, and use of a materially

19  false written statement regarding Defendant's financial condition.  Notwithstanding the

20  foregoing, Defendant denies committing fraud or acting in any improper manner and reserves all

21  of his rights with respect thereto.

22          4.      This Stipulation shall not be filed with the Court unless Plaintiff alleges that

23  Defendant has not made payment in full by the Payment Deadline.

5.    If Plaintiff does not take action permitted under this Stipulation, the failure or delay to do so shall not constitute a waiving of the right to take any and all actions and enforce this Stipulation.

6.    There shall be no stays of execution with respect to the Judgment except as otherwise provided herein, nor shall there be any appeals from the Judgment, nor any applications for relief from the Judgment pursuant to CCP §473 or otherwise.

7.    This Stipulation is binding on the heirs, legal representatives, assigns, affiliates, trustees, successor-in-interest, agents, and attorneys of the parties hereto and its coverage extends to the heirs, legal representatives, assigns, affiliates, trustees, successor-in-interest, agents, and attorneys of the stipulating parties.

8.    The parties have had the opportunity to obtain the advice of legal counsel prior to signing this Stipulation.

9.    Each party participated, or had the opportunity to participate, in the preparation of this Stipulation; and in the event of an ambiguity, the terms of this Agreement shall not be construed against any Party hereto. Accordingly, the Parties hereby waive the benefit of California Code Section 1654 and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

///

///

///

///

///

///

///

3

1        10.    This Stipulation may be signed in counterparts.

2        SO STIPULATED:

3    DATED: February ___, 2008

4

5                                    WILLIAM BULLOCK STEWART III
                                Defendant in Propria persona

6

7                                    SCHEER LAW GROUP, LLP

8    DATED: February ___, 2008

9                                    JONATHAN SEIGEL
                                Attorneys for Plaintiff

10                                   SF POLICE CREDIT UNION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
AUSTIN D. GARNER #184022
REILLY WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood Drive, Suite 100
San Rafael, CA  94903
Telephone:  (415) 491-8900
Facsimile:  (415) 491-8910
S.135-215S
Attorneys for Plaintiff
SAN FRANCISCO POLICE CREDIT UNION

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION,<br><br>                 Plaintiff,<br><br>        vs.<br><br>WILLIAM BULLOCK STEWART III, and DOES 1-50, inclusive<br><br>                 Defendants. | No. 1-07-CV-089409<br><br>Unlimited Civil<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

Pursuant to the Stipulation for Judgment of the parties and GOOD CAUSE

APPEARING, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED that:


1.      Plaintiff SF POLICE CREDIT UNION recover from Defendant WILLIAM

BULLOCK STEWART III the sum of $26,640.12, plus interest in the amount of $8.95 per

day from July 1, 2008 until this Judgment is fully satisfied, plus fees and costs.


///


///


///

1
JUDGMENT PURSUANT TO STIPULATION

2.   In the event that Defendant files for bankruptcy, Plaintiff reserves its right to file an action for nondischarge of the debt owing under this Judgment pursuant to 11 USC Section 523(a) and its right to object to discharge of said debt pursuant to 11 USC 727, *et seq.* for reasons including, but not limited to, fraud, false representation, false pretenses, willful and malicious injury, and use of a materially false written statement regarding Defendant's financial condition.   Defendant reserves his right to oppose Plaintiff's objection to discharge.

DATED:

_____
JUDGE OF THE SUPERIOR COURT

APPROVED AS TO FORM:

DATED: February ___, 2008

_____
WILLIAM BULLOCK STEWART III
Defendant in Propria persona

SCHEER LAW GROUP, LLP

DATED: February ___, 2008

_____
JONATHAN SEIGEL
Attorneys for Plaintiff
SF POLICE CREDIT UNION

1  SCHEER LAW GROUP, LLP
   SPENCER P. SCHEER #107750
2  JOSHUA L. SCHEER #242722
   AUSTIN D. GARNER #184022
3  JONATHAN SEIGEL # 168224
   155 N. Redwood Drive, Suite 100
4  San Rafael, CA  94903
   Telephone:  (415) 491-8900
5  Facsimile:  (415) 491-8910
   S.135-215S
6

7  Attorneys for Cross-Defendants
   SCHEER LAW GROUP, LLP,
8  SPENCER SCHEER, and JONATHAN
   SEIGEL
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

                 **SAN JOSE DIVISION**
12
   SAN FRANCISCO POLICE CREDIT          No. C08 02996 RS
13 UNION,
                                        **CROSS-DEFENDANTS'**
14              Plaintiff,              **MEMORANDUM OF POINTS**
                                        **AND AUTHORITIES IN SUPPORT**
15        vs.                           **OF MOTION TO DISMISS**
                                        **COUNTERCLAIM/CR0SS-**
   WILLIAM BULLOCK STEWART III,         **COMPLAINT, OR**
16 and DOES 1-50, inclusive             **ALTERNATIVELY, SEVER**
                                        **MOVING PARTIES**
17              Defendants.
                                        Hearing:
18
                                        Date: August 27, 2008
19
                                        Time: 9:30 a.m.
20
                                        Place: U.S. District Court
21
                                              280 South 1st Street
22
                                              Courtroom 4, 5th Floor
23
                                              San Jose, CA
24

25

26

27

28
                                        Page - 0 -

1

2  **I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

3          This is a collections and loan fraud action that was filed in state court and is based

4  solely on state law.  Plaintiff SF POLICE CREDIT UNION, a credit union serving members

5  of the law enforcement, fire protection, and emergency medical communities, loaned

6  Defendant WILLIAM BULLOCK STEWART III, $25,000.  Defendant made one partial

7  payment and defaulted on the loan.

8
          In order to obtain the loan, Defendant represented that (1) he was employed by

9
10  Larkspur Consultants, Inc. and earned in excess of $152,000 in 2006 and (2) he was going to

11  use the funds to purchase stocks.  After Defendant defaulted on the loan, Plaintiff learned

12  that his alleged employer did not exist and that he used the funds for his business, "Stewart

13  University of America", instead of stocks.

14          In order to delay trial less than one month away, relieve his alleged employer from

15  having to produce his employment file as ordered by the state court, and attempt to interject

16
17  irrelevant matters into this action, on June 17, 2008, less than one month before trial and

18  almost seven months after the SAC was filed, Defendant removed this case to federal court.[1]

19          Defendant falsely stated in his Notice of Removal that he had attached the entire state

20  court file.[2]  Much of the file was missing, including the SAC, Defendant's answer thereto, the

21  discovery orders, the trial setting order, and other documents.  Moreover, he fraudulently

22
23  attached a document entitled "First Amended Answer to Unverified Second Amended

24  Complaint", which contains pages of irrelevant allegations and exhibits, as if that were the

25  operative answer in the state court action.  **That document was never filed with the state**

26  _____

27  [1]  Defendant's, Notice of Removal was filed under the case number of the Civil Rights Action.  However, the
     removed action was assigned its own case number.
     [2] Notice of Removal, para. 2.

28

CROSS-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COUNTERCLAIM/CROSS-COMPLAINT

1    **court, nor did Defendant receive leave to file it.**  Plaintiff will move to strike the First

2    Amended Answer if this case is not remanded.[3]

3    Defendant also falsely stated in his notice of removal that "[T]he case is still in the

4    pretrial stage and defendant William Bullock Stewart III, is in the discovery phase of the

5    case." [4] As noted above, trial was scheduled for July 14, 2008 and Defendant removed the

6    case less than one month before trial.  In addition, the discovery phase of the case had

7

8    already ended.

9    After removing the state court action, Defendant STEWART, and 13 other parties

10   associated with Defendant STEWART, acting in *pro se*, filed a combined

11   Counterclaim/Cross-Complaint ("CC") against Plaintiff SF POLICE CREDIT UNION, its

12   attorneys, and 44 other Cross-defendants including three state court judges, the Mayor of San

13   Jose, the entire San Jose City Council, and the San Jose Chief of Police concerning civil

14   rights violations.  Prior thereto, STEWART and some of the other Cross-Plaintiffs filed a

15   similar lawsuit in this court against many of the same cross–defendants.

16

17   Moving parties Spencer Scheer, Jonathan Seigel, and Scheer Law Group, LLP, who

18   are Plaintiff's attorneys, seek dismissal of the CC against them.  They are joined cross-

19   defendants.  The only claims made against them are based on state law.  There is no subject

20   matter jurisdiction over them because the claims made against them and the numerous other

21   cross-defendants did not arise from a common nucleus of operative facts.  Even if they did,

22   the court should exercise its discretion to decline supplemental jurisdiction because the

23

24

25

26   _____

[3] This document was also filed using the case number of the Civil Rights Action.

27   [4] Notice of Removal, para. 2.

28

claims against moving parties would be washed away by the unrelated federal claims made against over 40 other cross-defendants.

Moving parties also seek dismissal because the CC fails to state a claim as required under Rule 12(b)(6).  All of the allegations made against them relate to statements made in litigation or to law enforcement personnel investigating a claim of fraud against Stewart. Therefore, they are absolutely protected by the litigation privilege.  Civil Code Section 47(b). In addition to warranting dismissal under traditional 12(b)(6) analysis, the claims against moving parties also violate California's anti-SLAPP ("Strategic Lawsuit Against Public participation") statute because they arise out of privileged communication. The anti-SLAPP statute applies where, as here, the claims are made in federal court based on supplemental jurisdiction.

Although the CC is clearly not well plead and violates numerous procedural requirements, moving parties do **not** seek to attack the CC on that basis.  Rather, even if the CC was well plead, the procedural requirements met, and construing the allegations contained in the CC in Cross-Plaintiffs' favor, the outcome would not change.  The CC was filed solely to harass moving parties (and the dozens of others who have been sued) and to attempt to deflect attention from Cross-Plaintiff Stewart's fraud in obtaining the loan from Plaintiff.  Accordingly, this motion should be granted without leave to amend.

II.    **FACTS**

On June 23, 2008, Defendant and 13 others filed the CC.  Plaintiff and 47 others, including three state court judges, are named as counter defendants. The moving parties, Cross-Defendants Spencer Scheer, Jonathan Seigel, and Scheer Law Group, LLP, were and are Plaintiff's attorneys.  Cross-Plaintiffs make the following allegations against moving parties in the CC:

- Spencer Scheer and the Scheer law firm libeled Stewart in "[R]epeated court

filings in both Santa Clara County and San Mateo County." [CC ¶ 79].

- Moving parties "maliciously and negligently libeled" Stewart and Larkspur "in various court filings in Santa Clara County [sic] in California Sup. Ct., Civil Division…." [CC ¶ 80].

- Moving parties "maliciously and negligently libeled" Stewart and Larkspur "in various police reports, communications to law enforcement officers, court filings, and court representations in San Mateo County [sic] in California Sup. Ct., Civil Division…." [CC ¶ 81].

- Stewart made telephonic offer to pay the debt to Seigel, to be paid 150 days thereafter. Seigel stated that the SF Police Credit Union agreed to the offer; the offer did not include payment of the Credit Union's court costs or attorneys' fees. A judge had already ruled that the Credit Union could not recover attorneys fees; Seigel sought to defraud Stewart by adding payment of attorneys fees to a stipulation, without Stewart's consent; a stipulation falsely claim that Stewart had "given input and agree to those terms"; when Stewart did not agree to these terms, Seigel claimed that Stewart had reneged and, as a result, the Credit Union must now forgive the debt completely. [Stewart does not allege that he signed he stipulation allegedly containing false terms]. [CC ¶¶ 82-84].

- Seigel wrote to Stewart demanding that Stewart cease communicating with Michael Sordelli, President and CEO of the Credit Union regarding the debt which is the subject of the action filed by the Credit Union, and direct all communication to Seigel. [CC ¶¶ 104-105].

## III.    ARGUMENT

Moving parties move for dismissal based on (1) lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) and (2) failure to state a claim pursuant to FRCP 12(b)(6).

### A.    This Court Lacks Subject Matter Jurisdiction

A motion to dismiss may be filed for lack of subject matter jurisdiction. FRCP 12(b)(1); *Warren v. Fox Family Worldwide, Inc.* (9th Cir., 2003) 328 F3d. 1136, 1139. Moving parties were not parties to the SAC. Rather, they are joined cross-defendants. No allegations raising federal claims have been made against them in the CC. The only basis for jurisdiction over moving parties is supplemental jurisdiction.

Federal courts have supplemental jurisdiction over joint cross-defendants only where

Page - 4 -

all claims "derive from the same common nucleus of operative facts." *Mendoza v. Zirkle Fruit Co.* (9th Cir., 2002) 301 F.3d 1163, 1172-1173.

In *Soliday v. Miami County, Ohio* (6th Cir., 1995) 55 F.3d 1158, 1165, relatives of a prisoner who died of AIDS while incarcerated brought a federal civil rights action against the jailers for alleged deliberate indifference to providing medical care. The plaintiffs also sued the coroner on state law grounds for ordering the cremation of the body. The court held that the two claims did not arise out of a common nucleus of operative facts simply because the alleged improper medical care claim led to the alleged wrongful cremation.

In *Obendorfer v. Gitano Group, Inc.*(D.NJ, 1993) 838 F. Supp. 950, an employee sued his employer for employment discrimination under 42 USC Section 1983. The employee's spouse joined a state law claim for slander against a supervisor. The Court held that the spouse's state law claim did not arise out of a common nucleus of operative facts. *Id.* at 956-957.

The CC fails to meet this standard with respect to moving parties. The claims against moving parties involved statements in court filings, statements made to law enforcement personnel, settlement discussions and settlement documents drafted in the Collections/Fraud Case, and one of the moving parties request that Cross-Plaintiff Stewart said all communications to counsel rather than directly to Plaintiff SF Police Credit Union. In contrast, the federal allegations contained in the CC involve federal civil rights claims and possibly application of the Fair Debt Collections Practices Act. Accordingly, there is no common nucleus of operative facts.

In addition, even if the two actions did arise out of a common nucleus of operative facts, there is no federal jurisdiction unless "'[a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.' " *Carnegie-Mellon Univ., supra,* 484 U.S. at 349.

Here, it would not be ordinarily expected that the two actions would be tried together. The Collections/Fraud Action involves two parties and the subject matter is limited to the events surrounding Defendant's obtaining the loan and defaulting on the loan. The Civil Rights Action

1  involves literally dozens of parties, wholly unrelated civil rights issues, governmental

2  immunities, medical issues, loss of business claims, etc.[5]  Moreover, it would be inconvenient

3  and unfair to Plaintiff if the cases are tried together.  The Collections/Fraud Action would be

4  subsumed into the Federal Court Action which involves many more plaintiffs, defendants,

5  witnesses, and issues.  Defendant's debt to Plaintiff would be an afterthought.  In addition, trial

6  of the Collections/Fraud Action was to take place on July 14, 2008.  Trial of the Civil Rights

7  Action will likely not take place for years. Further, Defendant should not be allowed to create

8  federal jurisdiction over the Collections/Fraud Action through the Civil Rights Action.

9      Even if there is a common nucleus of operative facts, the court has the discretion to

10  decline jurisdiction if there other compelling reasons for declining jurisdiction.  28 USC Section

11  1367.  The Ninth Circuit has held that those reasons include convenience and fairness to the

12  parties.  *Executive Software No. America, Inc. v. United States Dist. Ct.* (9th Cir., 1994) 24 F.3d

13  1545, 1552-1555.   The Northern District of California has held that a federal court may decline

14  to exercise supplemental jurisdiction to avoid jury confusion.  *Picard v. Bay Area Regional*

15  *Transit Dist.* (N.D Cal., 1993) 823 F.Supp. 1519, 1523.

16      First, it is clear that Cross-Plaintiffs are seeking to stall and avoiding a judicial

17  examination of Cross-Plaintiff Stewart's fraudulent conduct as alleged in the SAC.  Second, as

18  discussed above, trial of the federal claims against the other cross-defendants, generally federal

19  civil rights claims, will involve dozens of other parties, different witnesses and different issues.

20  The jurors will be confused as to the claims against moving parties which predominately involve

21  privileged court filings and reports to law enforcement authorities and claims regarding

22  settlement of the SAC.  Both of these considerations weigh in favor of this Court declining

23  jurisdiction, if any basis for jurisdiction could be found.

---

[5]  Although Defendant makes brief mention of a violation of the FDCPA in the Civil Rights Action, even if there were such a violation, it would have no effect on the Collections/Fraud Action.  Defendant's remedies would be limited to damages and the underlying debt would still be owing.  15 USC § 1692k.  *Strong v National Credit Management Co.* (1984, ED Ark.) 600 F Supp 46, 46-47; *Duran v. Credit Bureau of Yuma, Inc.* (1982, DC Ariz) 93 FRD 607, 608.  Because violation of the FDCPA would not create a defense to the Collections/Fraud, they would not provide the basis for trying the two cases together.

Page - 6 -

**B .    A Motion To Dismiss May Be Filed When The Pleading Fails To State A Claim**

Under FRCP 12(b)(6), a motion to dismiss may be used to test a legal sufficiency of the claim or claims stated in the complaint.  Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balisreri v. Pacifica Police Dept.* (9th Cir, 1990) 901 F.2d 696, 699.

Here, even accepting all the allegations pled in the CC as true, Cross-Plaintiffs do not state a claim because all of moving parties' alleged conduct is privileged or otherwise not actionable due to the lack of a cognizable legal theory.

In addition to traditional 12(b)(6) analysis, federal courts may dismiss claims based on Civil Code Section 425.16, a statute prohibiting "Strategic Lawsuits Against Public Participation" ("SLAPP").

> A SLAPP suit—a strategic lawsuit against public participation—seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances. [Citation.].  The Legislature enacted Code of Civil Procedure section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights. [Citation.].

*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055–1056.

The legislative purpose of the anti-SLAPP statute is to provide a procedural device which would allow for **prompt** exposure and dismissal of SLAPP suits.  *Ericsson GE Mobile Communications, Inc. v. C.S.I. Telecommunications Engineers* (1996) 49 Cal App 4th 1591.

The Northern District of California, San Jose Division, has held that the anti-SLAPP statute applies to claims involving pendent (supplemental) jurisdiction.  *Globetrotter Software, Inc. v. United States District Court* (N.D. Cal., 1999) 63 F.Supp.2d 1127, 1129-1130.

Here, all claims made against moving parties are supplemental to federal claims made

CROSS-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COUNTERCLAIM/CROSS-COMPLAINT

against the other parties.  The only claims made against moving parties are for defamation made in court filings and to law enforcement officers investigating claims of loan fraud, alleged breach of a settlement agreement made in the state court action, and counsel's requesting that Cross-Plaintiff STEWART direct all communication to counsel and not directly to Plaintiff.  Federal law is not implicated.

A special motion to strike may be filed against a cause of action arising out of any act in furtherance of the defendant's constitutional right to petition or free speech.  Code of Civil Procedure section 425.16(b)(1).  Unless the court determines that the plaintiffs establish that there is a probability that the plaintiff will prevail on the claim, the motion shall be granted.  Code of Civil Procedure section 425.16(b)(1).  Affidavits stating the facts upon which liability or defenses are based shall be considered.  Code of Civil Procedure section 425.16(b)(2).  Thus, the anti-SLAPP motion is a speaking motion.

An attorney sued based on his representation of his client may bring an anti-SLAPP motion.  *White v. Lieberman* (2002) 103 Cal. App. 4th 210, 220-221.  An entity may bring an anti-SLAPP motion.  *Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App 4th 1179, 1188.

Determination of a special motion to strike involves a two-part inquiry.  First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.  *Taus v. Loftus* (2007) 40 Cal.4th 683, 712.   "Thus, plaintiffs' burden as to the second prong of the anti-SLAPP test is akin to that of a party opposing a motion for summary judgment." *Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 768.  The plaintiff must do so by proving admissible evidence.  CCP 425.16(b)(2).  "If the plaintiff fails to carry that

burden, the cause of action is "subject to being stricken under the statute." *Navellier v. Sletten* (2002) 29 Cal.4[th] 82, 89. The focus of the inquiry "is not the form of plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability." *Id.* at 92.

As a matter of law, a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding, or which is otherwise protected by the litigation privilege, satisfies the first prong of the inquiry that the cause of action arises from protected activity. *Briggs v. Eden Council For Hope & Opportunity* (1999) 19 Cal 4th 1106, 1115, 1123; *Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4[th] 903, 921 [settlement demand letter privileged; case dismissed pursuant to anti-SLAPP statute]; *Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35.

Significantly, as a matter of law, activity protected by the litigation privilege provides an affirmative defense precluding the plaintiff from showing a probability of prevailing on the claim. *Kashian v. Harriman* (2002) 98 Cal.App.4[th] 892, 926-927 [as a matter of law, defamation action barred by the litigation privilege; anti-SLAPP motion granted]. Therefore, if the activity is protected under the litigation privilege, as a matter of law, the plaintiff cannot meet its burden required under the second prong of demonstrating a probability of prevailing on the claim, and the claim **must** be stricken.

Where a plaintiff asserts mixed claims containing both protected and unprotected conduct, some courts have held that the claim must be dismissed [*Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 308], while others have held that "principal thrust or gravamen" must be examined and the claim dismissed if the unprotected conduct is only incidental to the claim [*Ramona Unified School Dist. v. Tsiknas* (2005) 135 Cal.App.4th 510, 519-520].

1    **1.    Paragraphs 79-81—Defamatory Court Filings**

2    Court filings are absolutely privileged.  Civil Code Section 47 provides as follows:

3    A privileged publication or broadcast is one made:

4

5    (b) In any (1) legislative proceeding, (2) **judicial proceeding** (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2…

6

7    The California Supreme Court has recently explained:

8    The litigation privilege, codified at Civil Code section 47, subdivision (b), provides that a "publication or broadcast" made as part of a "judicial proceeding" is privileged.

9    **This privilege is absolute in nature, applying "to all publications, irrespective of their maliciousness**." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 216 [266 Cal. Rptr.

10   638, 786 P.2d 365] (*Silberg*).) "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants

11   or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." (*Id*. at p. 212.) The

12   privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." (*Rusheen v. Cohen* (2006) 37

13   Cal.4th 1048, 1057 [39 Cal. Rptr. 3d 516, 128 P.3d 713] (*Rusheen*).)

14

15   *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal. 4th 1232, 1241.

16   [Emphasis added].

17       "The principal purpose of section 47(2) [now section 47(b)] is to afford litigants and

18   witnesses (see *Pettitt v. Levy, supra*, 28 Cal. App. 3d at p. 488) the utmost freedom of access to

19   the courts without fear of being harassed subsequently by derivative tort actions. [Citations]."

20   *Silberg v. Superior Court* (1990) 50 Cal.3d 205, 213.  The privilege "applies to any publication

21   required or permitted by law in the course of a judicial proceeding to achieve the objects of the

22   litigation, even though the publication is made outside the courtroom and no function of the court

23   or its officers is involved."   *Id.* at 211-212.

24

25       "To effectuate its vital purposes, the litigation privilege is held to be absolute in nature.

26   [Citations]…."  *Id.* at 215.  The absolute privilege applies to all torts except malicious

27   prosecution.  *Id.* at 215-216.  Thus, the privilege applies to defamation.  *Id.* at 215.

28

Thus, the allegations in Paragraphs 79 through 81 of the CC that moving parties made defamatory court filings concerning Cross-Plaintiffs involved absolutely privileged communication and cannot form the basis of a claim against moving parties under traditional Rule 12(b)(6) analysis.

Applying the anti-SLAPP statute, the first prong is satisfied as a matter of law because Cross-Plaintiffs' allegations implicate the litigation privilege. The second prong is also satisfied as a matter of law because the litigation privilege provides an absolute affirmative defense. *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 926-927 [as a matter of law, defamation action barred by the litigation privilege; anti-SLAPP motion granted]. Even if the alleged conduct was not privileged, it is Cross-Plaintiffs' burden to provide admissible evidence showing that they have a probability of prevailing on the merits. In short, they must provide *prima facie* proof of their case.

### 2.    Paragraph 81—Statements To Law Enforcement Personnel

The litigation privilege extends to communication with law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond. In *Hagberg v. California Federal Bank, FSB* (2004) 32 Cal.4th 350, a bank reported to the police that a customer was attempting to deposit a counterfeit check. The police detained the customer until it was determined that the check was not counterfeit. The plaintiff sued the bank for slander, false arrest, false imprisonment, invasion of privacy, and other torts.

The trial court granted the bank's motion for summary judgment based on the privilege set forth in Civil Code Section 47 and the California Supreme Court affirmed. The Supreme Court noted that the portion of Civil Code Section 47(b)(3) applying the privilege to "in any other official proceeding authorized by law", had widely been applied to reports of suspected criminal activity to law enforcement personnel and to instigate law enforcement

1   personnel to respond, and that the cases so held because such reports are at least preparatory

2   to an official proceeding. *Hagberg, supra,* 32 Cal.4th at 363-364. Accordingly, the Court

3   held that the communication concerning possible wrongdoing, made to an official

4   governmental agency such as a police department, and designed to prompt action by the

5   entity, is privileged. *Id.* at 364-366. See also, *Forro Precision v. International Business*

6   *Machines* (9th Cir., 1982) 673 F.2d 1045, 1055; *Johnson v. Symantec Corp.* (N.D. Cal., 1999)

7   58 F.Supp.2d 1107, 1110; *Williams v. Taylor* (1982) 129 Cal.App.3d 745, 753-754.

8       Therefore, the allegations in Paragraph 81 of the CC that moving parties libeled

9   Stewart and Larkspur in police reports and communications to law enforcement officers is

10  absolutely privileged and cannot form the basis of a claim against moving parties.

11      In addition, applying the anti-SLAPP statute, the first prong is satisfied as a matter of

12  law because Cross-Plaintiff's allegations implicate the litigation privilege. The second prong

13  is also satisfied as a matter of law because the litigation privilege provides an absolute

14  affirmative defense. *Kashian, supra,* Cal.App.4th at 926-927. Even if the alleged conduct

15  was not privileged, it is Cross-Plaintiffs' burden to provide admissible evidence showing that

16  they have a probability of prevailing on the merits. In short, they must provide *prima facie*

17  proof of their case.

18          **3.      Paragraphs 82-84 – Settlement Discussions And Documents**

19      In the Paragraphs 82 through 84 of the CC, Cross-Plaintiffs allege that Stewart made

20  a telephonic offer to pay the debt within 150 days and Seigel advised that Plaintiff agreed to

21  the offer. Cross-Plaintiffs further allege that the settlement paperwork provided by Seigel

22  required Stewart to pay Plaintiff's attorneys fees, which was not part of the telephonic

23  agreement. Cross-Plaintiffs also allege that the settlement paperwork falsely stated that

24  Stewart had "given input and agree to those terms". Cross-Plaintiffs additionally allege that,

1    as a result, Plaintiff must forgive the debt completely.

2         Although no damages are asserted against moving parties as a result, even assuming

3    Cross-Plaintiffs had alleged damages, they have failed to state a claim.  First, statements

4    made in negotiating settlement are absolutely protected by the litigation privilege.  *Home*

5    *Insurance Company v. Zurich Insurance Company* (2002) 96 Cal.App.4th 17, 24; *Asia*

6    *Investment Co. v.Borowsky* (1982) 133 Cal.App.3d 832, 843.  Second, they are inadmissible.

7    Evidence Code Section 1152(a).  See also, *Caira v. Offner* (2005) 126 Cal. App. 4th 12, 37-

8    38.   Third, there is nothing actionable about providing a settlement draft containing terms

9    inconsistent with a general moral agreement as to terms.  For the foregoing reasons, these

10   allegations do not state a claim against moving parties.

11        Under the anti-SLAPP statute, the litigation privilege satisfies the first prong.  The

12   privilege also provides an absolute defense precluding Cross-Plaintiffs from demonstrating a

13   probability of prevailing under the second prong.  In addition, moving parties did not

14   represent to the state court, or anyone else, that Stewart had approved the proposed Judgment

15   Pursuant to Stipulation.  Rather, counsel provided the proposed Judgment to Stewart and

16   requested that he execute it "[A]pproved as to Form."  [Exh. A to Seigel Dec.].

17

18        **4.    Paragraphs 104-105 –Request That No Direct Communication Be**
              **Made To Client**

19

20        In Paragraphs 104-105 of the CC, Cross-Plaintiffs allege that  Michael Sordelli, Plaintiff's

21   President and CEO, had attorney Seigel write to Cross-complainant Stewart requesting that

22   Stewart direct all communication to Seigel and refrain from communication directly with

23   Plaintiff, and that Seigel did so.

24        Statements of counsel in anticipation of litigation or during litigation are absolutely

25   privileged under CC § 47. *Rohde v. Wolf* (2007) 154 Cal.App.4th 28 [Attorney's voicemail

26   messages accusing real estate agent of conspiring to defraud client and threatening to take

27

28

CROSS-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COUNTERCLAIM/CROSS-COMPLAINT

"appropriate action" were absolutely privileged]. Moreover, even assuming Seigel's alleged statements were not privileged, communication from an attorney to an opposing party requesting that all communications go to him, and not to his client, is simply not actionable.

### 5. Leave To Amend Should Not Be Granted

Although courts normally provide leave to amend to allow the plaintiff to clarify the its allegations and legal theories, leave should not be granted here. No such amendment could make Cross-Plaintiffs' allegations against moving parties "unprivileged". In addition, as discussed above, even if Cross-Plaintiffs could conjure up something that is not privileged, even under the most conservative interpretation of the anti-SLAPP statute, it is insufficient if the gravamen of the claim is privileged. Because there is nothing that can be pled to state a claim or to escape the application of the anti-SLAPP statute, leave to amend should not be granted

### 6. Moving Parties Are Entitled To Recover Their Attorneys' Fees And Costs

A prevailing defendant on an anti-SLAPP motion is entitled to recover his or her attorney's fees and costs. Code of Civil Procedure Section 425.16(c). Here, moving parties' fees total $4,301.00.

### C. Alternatively, The Claims Against Moving Parties Should Be Severed and Remanded to State Court

If the claims against Moving Parties are not dismissed outright, they should be severed from the claims against the dozens of other defendants, which largely involve civil rights claims, and remanded to state court. FRCP 21.

## V. CONCLUSION

The CC is meritless and was filed simply to detract attention from the fraud STEWART committed in obtaining the loan from Plaintiff. This motion should be granted on three alternative bases.

First, there is no subject matter jurisdiction and, even if there were, grounds exist to decline supplemental jurisdiction. Second, under traditional 12(b)(6) analysis, the CC fails to state a claim. All of moving parties' alleged conduct took place in the context of litigation and,

1   therefore, is privileged.  In addition, even absent privilege, most of the alleged conduct is simply

2   not actionable in any event.  Third, even if the CC could be construed as stating a claim, Cross-

3   Plaintiffs lack admissible evidence supporting their claims. For these reasons, as motion should

4   be granted without leave to amend and moving parties awarded their fees and costs.  If, for some

5   reason, the court does not dismiss the claims against Moving Parties, they should be severed and

6   remanded to state court.

7                                        SCHEER LAW GROUP, LLP

8   DATED: July 17, 2008_____

9                                        /s/ Jonathan Seigel
                                         168224

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROSS-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COUNTERCLAIM/CROSS-COMPLAINT

1 | SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
2 | AUSTIN D. GARNER #184022
REILLY D. WILKINSON #250086
3 | JONATHAN SEIGEL #168224
SCHEER LAW GROUP, LLP
4 | 155 N. REDWOOD DRIVE, SUITE 100
SAN RAFAEL, CA  94903
5 | Telephone:  (415) 491-8900
Facsimile:  (415) 491-8910
6 | S.135-215S

7 | Attorneys for Cross-Defendants
SCHEER LAW GROUP, LLP,
8 | SPENCER SCHEER, and
JONATHAN SEIGEL

9

10

11

12

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

14

15 | SAN FRANCISCO POLICE CREDIT UNION, | Case No.: C08 02996 RS

16 |            Plaintiff,            | **PROOF OF SERVICE BY MAIL**

17 |      vs.                        | Hearing –

18 | WILLIAM BULLOCK STEWART III, and | Date: August 27, 2008
DOES 1-50, inclusive,             | Time: 9:30 a.m.

19 |                                 | Place: U.S. District Court

20 |            Defendants.          |      280 South 1st Street

21 |                                 |      Courtroom 4, 5th Floor

22 |                                 |      San Jose, CA

23 |            I, SHANNON MYLES, declare that:

24 |            I am employed in the County of Marin, State of California.  I am over the age of

25 | 18 and am not a party to the within action; my business address is 155 N. Redwood Drive, Suite
100, San Rafael, California  94903.

26 |            On July 17, 2008, I served the within CROSS-DEFENDANTS' NOTICE OF

27 | MOTION AND MOTIN TO DISMISS COUNTERCLAIM/CROSS-COMPLAINT, OR
ALTERNATIVELY, SEVER MOVING PARTIES; DECLARATION OF JONATHAN

28 | SEIGEL IN SUPPORT OF CROSS-DEFENDANTS' MOTION TO DISMISS
COUNTERCLAIM/CROSS-COMPLAINT, OR ALTERNATIVELY, SEVER MOVING
PARTIES; CROSS-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN

1  SUPPORT OF MOTION TO DISMISS COUNTERCLAIM/CROSS-COMPLAINT, OR
   ALTERNATIVELY, SEVER MOVING PARTIES on the interested parties in this action by

2  placing true and correct copies thereof enclosed in a sealed envelope with postage prepaid in the
   United States Mail at San Rafael, California, addressed as follows:

3

4  WILLIAM BULLOCK STEWART, III
   2094 EL CAMINO REAL, #128

5  SANTA CLARA, CA 95050

6  LEORA R. RAGONES
   LOMBARDI LOPER & CONANT, LLP

7  1999 HARRISON STREET, SUITE 2600
   OAKLAND, CA 94612

8
   [ X ]   (By Mail [Federal])  I placed such envelope with postage thereon fully prepaid in the

9           United States mail at San Rafael, California.

10 [   ]   (By Mail [State])  I am readily familiar with SCHEER LAW GROUP, LLP's practice for
            the collection and processing of correspondence for mailing with the United

11          States Postal Service; it is deposited with the United States Postal Service on the
            same date in the ordinary course of business at the business address shown above;

12          I am aware that on motion of the party served, service is presumed invalid if the
            postal cancellation date or postage meter date is more than one day after the date

13          of deposit for mailing contained in this declaration.

14 [   ]   (By Personal Service)  I caused such envelope to be delivered by hand to the
            addressee(s).

15
   [   ]   BY OVERNIGHT MAIL: by depositing in a box or other facility regularly maintained by

16          DHL, an express carrier, or delivering to a courier or driver authorized by said express
            service carrier to receive documents, a true copy of the foregoing document in sealed

17          envelopes or packages designated by the express service carrier, addressed as stated
            above, with fees for overnight delivery provided for or paid.

18
   [ X ]   Executed on July 17, 2008, at San Rafael, California.

19
   [ X ]   (State)  I declare under penalty of perjury under the laws of the State of California that

20          the foregoing is true and correct.

21
   [ X ]   (Federal)  I declare that I am employed in the office of a member of the Bar at whose

22          direction this service was made.

23
                              /s/ Shannon Myles

24

25 H:\CLIENT CASES\SF POLICE V. STEWART\MOTION TO DISMISS-POS (7-17-08)

26

27

28