Rosalie A. Guancione
15732 Los Gatos Blvd. #440
Los Gatos, CA 95032
Tel. (408)453-5446

Cross-Complainant, In Proper

FILED

2008 AUG 14 P 4:00

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, ) <br> Et Al <br>              Petitioner <br><br>       v. <br><br> WILLIAM BULLOCK STEWART III, <br> Et Al <br>              Respondent | Case #C08 02996 RS / JF <br> SF Police CU v. Stewart <br><br> OPPOSITION TO <br> MOTION TO DISMISS, <br> DECLARATION OF <br> ROSALIE A. GUANCIONE <br><br> DATE:   August 20, 2008 <br> TIME:    9:30 AM <br> PLACE:  Court Rm 4, 5th Floor <br> TRIAL DATE: not set |

To: Michael R. Sordelli, CEO / President / Registered agent for service of process, San Francisco Police Credit Union, Plaintiff, and
To: Scheer Law Group, LLP, Attn: Jonathan Seigel, Plaintiff's Collection Agency and attorney of record, and
To: Lombardi, Loper & Conant, LLP, Attn: Leora R. Ragones, Attorneys for Plaintiff:

TO PLAINTIFF, COUNTER DEFENDANT, AND CROSS-DEFENDANT SF POLICE CREDIT UNION:

Cross-Complainant is seeking counsel to perform discovery, and asks the Court for a continuance of at least 60 days as provided in FRCP 56(f). Cross-Complainant is

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

without counsel, and is seeking counsel for this case. The Court has discretion to extend the time period to which the Cross-Complainant must respond to Plaintiff's motion to dismiss and to continue hearing date for Plaintiff's motion.

A postponement of the hearing on Plaintiff's motion to dismiss is appropriate and necessary because Defendant needs to have an opportunity to conduct discovery in order to develop evidence with which to oppose the motion. Plaintiff filed the motion before Defendant had a chance to hire an attorney and send out written interrogatories or conduct other investigation.

Defendant's business enterprises were impeded in violation of Title 18 U.S.C. as documented in attachments to other court pleadings in a related court case in Hawaii, as a result of actions of Plaintiff in this case, thus interfering with the obtainment of counsel and income to pay counsel.

In the alternative to a continuance to this motion, Cross-Complainant asks that the motion to dismiss which was brought by Plaintiff be thrown out for lack of Plaintiff's standing to bring this motion.

Plaintiff lacked standing to bring any motion before this Court at the time of filing because:
1. Plaintiff has not been served yet, and it is within the 120 days for service of this case still.
2. Defendant has not yet certified to the Court that all entities have been served yet, as in fact none have been served yet.
3. Plaintiff was notified, as was the Court, in three separate filings of Notice of Unavailability of Counsel that encompassed the period during which this motion was filed.

## CASE WHICH HAS RESULTED IN CROSS COMPLAINT

The complaint filed by Plaintiff in this case had three counts.
1. The first was breach of contract regarding an unsecured signature loan – THIS LOAN WAS NEVER VERIFIED AND VALIDATED PER TITLE 15 U.S.C. §1692(c)c and g, as required for debt collection actions, but creditor (Plaintiff) and collection agency (Scheer Law Group) refuse to obey this federal law (Exhibit E and page 9 of this motion)
2. The second was fraud based upon an allegation that Defendant's employer did not exist – I am one of the employees of this business, which has been

registered in the City of San Jose continuously for the last 12 years, with
fictition name filing in the County of Santa Clara also continuously for the
last 12 years, and that has been recognized by the San Mateo County Sup.
Ct. as existing, and therefore the criminal case associated with this civil case
was thrown out. The allegation of fraud was based upon one witness, Debbie
Di Filippo, who did not actually witness anything. Her deposition (see
Exhibit A and Exhibit B) states that she "deduced" fraud, after she was told
to make fraud allegations by an attorney. We, the Cross-Complainants in this
case believe that the attorney who told Di Filippo to lie and allege fraud was
her collection agency attorney, the Scheer Law Group, thus suborning
perjury. The Scheer Law Groups' motive in urging this negligent and
malicious accusation was: to prevent bankruptcy discharge of the debt by
Defendant, to collect legal fees from Plaintiff, and exemplary and punitive
damages from Defendant, see count 3 below.)

3. The third claim of Plaintiff was that the fraud of making up an employer that
did not exist was so bad that it warranted extra damages from the Defendant
in this case – the fact is that there was no fraud on the part of the Defendant,
his employer has been proven already to exist in the associated criminal case
in California State Sup. Court, San Mateo County, where Plaintiff's claims
of fraud were thrown out and dismissed prior to trial, and certainly no fraud
within the scope of the second amended complaint against the Defendant.

## THE CROSS COMPLAINT

I was not a party to the original complaint brought by Plaintiff, but my civil
rights were violated continually for over a year, much of it without my knowledge
until discovery began to occur after removal of this case to Federal Court.

My right to privacy was violated by one year of stalking by police under
color of law, who were acting as collections agents of the Plaintiff, after Plaintiff's
employee submitted, on behalf of Plaintiff, and in the course of her duties for
Plaintiff, a false and fraudulent police report (see exhibits A and B). Debbie Di
Filippo was urged by an attorney, believed to be the credit unions attorney and
collection agency firm, Scheer Law Group, to lie and claim a knowledge and verify
fraud was committed in this case when she had no personal knowledge of fraud
committed by Defendant (see exhibits A and B). Debbie Di Filippo is the sole
witness in this case.

Definition per Black's Law Dictionary 6th Edition: *Verification means that the living
person who signs the response must be competent to testify, must have a personal first hand*

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion
to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of
California, San Jose Div., Case #C08 02996 RS

*knowledge, must make all statements under penalty of perjury under the laws of the United States of America, and must make statements that are true, correct, complete and not misleading.*

Subsequent to Debbie Di Filippo representing her employer, the Plaintiff SF Police Credit Union, lying to the police (see depositions Exhibit A and Exhibit B), a myriad of follow-on other civil rights violations occurred against me (Cross-Complainant Rosalie Guancione), as a direct result of her actions, as a representative of the SF Police Credit Union.

My United States Constitutional Civil Rights were violated by the direct and deliberate actions of the Plaintiff and Plaintiff's employees in this debt collection case. My 4th amendment right to freedom from illegal search and seizure was violated when my residence was broken into in a raid conducted by two different municipal police departments in a home invasion without warrant. My right to freedom was violated when I was detained illegally. My right to freedom from cruel and unusual punishment was violated when I was assaulted & battered under color of law just one week after knee surgery, which caused permanent knee damage. My right to quiet enjoyment in my home was violated and I was called "a real piece of work" by the police who had burst through the front door and thrown me to the ground, merely for asking to see a lawful judge signed warrant, when they had none. My telephone calls were monitored and reported to the police, in broader scope than even requested by the police, caused by Plaintiff's lies and accusations of fraud without any personal knowledge of fraud in this debt collection case.

Defendant's employer is another one of the Cross-Complainants, suing for damages to it's reputation by Plaintiff's and Plaintiff's employee's unverified, malicious, negligent lies about it's existence, and now on-going lies by Plaintiff's collection agency about the quality and nature of it's business. When Plaintiff and Plaintiff's agent (the collection agency called the Scheer Law Group) were proven wrong, and that Defendant's employer did actually exist, through previous discovery of at least 10 employees of the company that Plaintiff alleged was non-existent, and findings of the California Sup. Ct., County of San Mateo, that the Defendant's employer did exist, the Plaintiff and Plaintiff's collection agency continued to spin the story and try to expand the scope of their original claims and discovery.

Plaintiff and Plaintiff's attorneys firms have engaged in a campaign and pattern of impeding commerce in violation of Title 18 U.S.C., as part of their slander of the Defendant and every business and business associate of the

Defendant that they have identified through discovery provided to them by the Defendant or otherwise. Plaintiffs have sought to deny Defendant, and all businesses associated with him, the ability to make revenue in order to prevent him personally from litigating this case. Court documents from state court in Hawaii, and emails from government employees of the state of Hawaii to attorneys citing this case, and motions that include emails from government employees in Washington DC, and in the same document citing this case seek to besmirch Defendant's character, and that of all his business associates and relatives, show this.

Plaintiffs and Cross-Defendants, all the way through this case, have demonstrated a feeling of entitlement, in that they can walk all over innocent people like me and the Defendant, and innocent peoples rights like those of myself and the Defendant, and other peoples reputations and those of various corporations. They use the tactic: "well he must be guilty of something", or "throw enough stuff up on the wall and maybe some of it will stick", in their innuendo, slander and actual lying approach to the case.

I know the Defendant and Cross-Complainant William B. Stewart, III, professionally and consider him a personal friend. He is an Honorably Discharged U.S. Army Captain and Operation Iraqi Freedom veteran, with a medal for the Global War on Terrorism, he is a good man, a kind hearted man, former Assistant Scoutmaster, graduate of University of California at Santa Barbara in Physics and University of Michigan in Bioengineering, who has always sought to serve his country, and he does not deserve to be treated this way by a Credit Union that lies about their assets by approximately $400 million dollars each year in many years of annual reports, as stated by their independent auditors.

The fact is this case, besides now being a case of civil rights violations that the Plaintiff has performed directly or gotten performed by it's agents and other entities against the Defendant and other Cross-Complainants, is likely a case of identity theft involving money that the credit union never possessed in the first place, has been paid off in insurance claims already, has been also written off on taxes as a loss (double counting the loss), that the credit union has tried to cover up by denying discovery and committing perjury.

Cross-Complainant Rosalie Guancione objects to Plaintiff's motion to dismiss on many and several grounds, to include:

## GROUND 1

Under Rule 4(m) of the Federal Rules of Civil Procedure, I have 120 days to serve the case upon the Plaintiff and the Cross-Defendants after removal from the state court. Additional timely requirements would include CCP 437c.

The 120 days after removal of the case, from June 17, 2008, have not elapsed yet. Defendant is within the period allowed to perform his service upon Plaintiff and Cross-Defendants, as permitted by FRCP.

Plaintiff does not yet have any standing to file any papers in this case, as Plaintiff has not yet been served. Therefore any filings made prior to the date of service upon Plaintiff must be summarily dismissed.

Until the Plaintiff and all cross-defendants have received the papers in a way that FCRP and local rules says is valid, they are not a party to the lawsuit, and the case has not really begun.

Rule 4 of the Federal Rules of Civil Procedure provides the rules for serving the original complaint, as well as the Local Civil Rules of this Court.

Under Rule 4(d), I have not yet requested a waiver of service from the Plaintiff's in this case, or any of their Cross-Defendants.

None of the Cross-Defendants have been served the Cross Complaint yet, either, although a cross complaint has been filed with the Court.

Clearly neither Plaintiff, nor Counter Defendant Scheer Law Group Collection Agency, nor Plaintiff's Attorney Firm Lombeari, Loper & Conant, LLP, have ever seen the Cross Complaint unless they have gone to the Court file, as it has not been served upon them yet.

No Certificate of Service has been filed yet with the court for this case. Once Plaintiffs and all Co-Cross-Defendants have been served in the public and private capacities, a Certificate of Service will be filed with this court.

Additionally, during this period, Defendant William Stewart, III, as well as each of the Cross-Complainants have the right to rewrite and recompose their claims, counter claims and cross complaints filed with the Court, against the Plaintiff and

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

Plaintiff's Collection Agency, prior to their service upon the entities in this case. During this period those opposing entities have no standing in this case and cannot file motions, to include motions to dismiss, motions for summary judgement, or any other motions prior to service of process and prior to Stewart filing his certificate with the Court that all entities have been lawfully served.

## GROUND 2

Plaintiff's attorney Seigel was notified by three different Cross Complainants of unavailability of counsel for the Period July 1 through July 30, 2008, and that any motions filed during that period would be grounds for filing a Motion for Sanctions against the filing party and their attorneys. A copy of each of the three notices and original copies of their proofs of service were filed with the U.S. District Court for this case.

This motion was filed by Attorney Seigel after he received three separate Notices of Unavailability of Counsel, from three separate Cross-Complainants, which were served upon him July 2, 2008, and filed with the Court, along with proofs of service. Those notices each warned of possible sanctions if any legal process was filed during the period of unavailability of counsel. This motion was filed by Plaintiff's new counsel sometime during the period that was encompassed by unavailability of counsel that was specified: July 1 through July 30, 2008.

(Note Plaintiff's second law firm was retained by Plaintiff after the Notice of Unavailability of Counsel was served upon Seigel, so it was the Scheer Law Firm responsibility to forward copies of those three notices on to Lombardi, Loper & Conant, LLP. Whether negligently or maliciously, Lombardi, Loper & Conant, LLP has also ignored the three Notices of Unavailability of Counsel, and also filed a motion during the July 1 through July 30, 2008 period, and when they do not yet have standing to file anything with the court due to not being served yet).

## GROUND 3

The motion is based upon the declaration of a witness named Debbie Di Filippo, who was the sole witness to a material fact relied upon by the moving party, see Exhibits A and B, submitted with this Opposition to Motion to Dismiss. The exhibit is a deposition from Plaintiffs employee, where she states that Plaintiff's attorney suborned perjury of the witness, as she had no personal knowledge of any fraud. The witness then subsequently made a police report alleging fraud that was

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

later disproved in California Superior Court. Debbie Di Filippo, the source of the fraud allegation, states that someone identified as an attorney for the Plaintiff, told her to lie to the police and allege fraud when she knew nothing of the kind. Defendant believes that the Deponent Di Filippo is referring to one of the Scheer Law Group attorneys, when she states that it was a SF Credit Union attorney.

Exhibit A and Exhibit B were obtained by Defendant after this case was removed from State Court to U.S. District Court, and after filing current versions of the answer and cross complaint, which now need to be amended to reflect this new evidence.

The Scheer Law Group, while acting as a debt collector for the Plaintiff, is believed to have done this for their own enrichment. By filing a civil case alleging fraud, they could then collect a debt that would not be dischargeable in United States Bankruptcy Court, and because they could enter into a law suit and charge fees.

The Plaintiff's collection agency, the Scheer Law Group seeks remand this case back to state court where they can more effectively conceal their criminal actions, as described in the attached deposition taken by the San Mateo City Police Department. Scheer Law Group seeks to conceal the true facts in this case by not providing discovery, and by counseling Cross-Defendants who were mislead by Plaintiff and harmed Defendant and all other Cross-Defendants, to ignore, stymie and to stone-wall discovery of Defendant's innocence in this case (See Exhibit D) and Plaintiff's and Plaintiff's collection agencies, and other Cross-Defendant's guilt in this case.

Debbie Di Filippo states under oath that the SF Police Credit Union attorney told her to make a complaint of fraud to the police regarding Defendant, without actual evidence, by claiming that Defendant's employer did not exist and was a fabrication of the Defendant (Exhibit A and Exhibit B). Di Filippo was to tell the police that Larkspur did not exist, therefore, although the exact identity of which attorney told Ms. Debbie Filippo to make the false and fraudulent testimony is not yet known. Defendant and Cross-Complainants believe that it was one of the four partners of the Scheer Law Firm who either negligently, abusively, or maliciously, suborned perjury from Ms. Filippo, as she had not verified any fraud. (Exhibit C)

Fact: Defendant's employer, Larkspur, is a licensed business in the City of San Jose, with fictitious name statement filing in the county of Santa Clara, in good standing, continuously for the last twelve years (Exhibit C).

## GROUND 4

Defendant removed this case to federal court based upon:

1. numerous federal civil rights violations caused directly by Plaintiff's employee and Plaintiff's collection agency, the Scheer Law Firm, and

2. violations of the Fair Debt Collections Act, Title 15 U.S.C. §1692c(c) and g, by the Plaintiff's collections agency, the Scheer Law Firm. The Scheer Law Firm, as a collection agency for Plaintiff, is required to abide by the Federal Fair Debt Collections Act, but never noticed Defendant with a 30 day notice of claimed debt, nor did they ever provide a verification and validation of the debt, as required by the law before any collection of the debt can be had. The Federal Act requires that this alleged debt be dismissed due to the three written requests by Defendant and alleged debtor to the creditor (Plaintiff) to verify and validate the debt. Plaintiff's collection agency, Scheer Law Firm, and Plaintiff (alleged creditor, SF Police Credit Union) in violation of federal law refuse to dismiss the debt and refuse to verify and validate the debt (see Exhibit E).

Definition per Black's Law Dictionary 6th Edition: *Verification means that the living person who signs the response must be competent to testify, must have a personal first hand knowledge, must make all statements under penalty of perjury under the laws of the United States of America, and must make statements that are true, correct, complete and not misleading.*

A review of the contents of the criminal case file show that there is no living person who has a personal first hand knowledge (can "verify" as required by Title 15 U.S.C. §1692c(c) and g) that Defendant Stewart ever took out a loan with the alleged creditor, and the alleged debt must under federal law be dismissed.

Defendant's original cross complaint and answer to Plaintiff's frivolous complaint were based upon Defendant's knowledge at that time. Plaintiff's attorney firm Scheer Law Group has sought to deny any discovery by Defendant, and has not provided one requested document or answer to questions which were subpoenaed. Plaintiff's illegal lack of cooperation with discovery in this case, while at the same time seeking sanctions against Defendant and Defendants employer for same in the State Court, Plaintiff's denial of cooperation with discovery subpoenas, and

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

Plaintiff's attorney Seigel's admission of counseling other involved but at that time unnamed parties to suit to not comply with Defendant's discovery subpoenas.

Plaintiff's perjured testimony was suborned by Plaintiff's attorney, see Exhibits A and B. That action resulted in additional causes of action beyond the Fair Debt Collection Practices Act, for Defendant and Cross-Complainants against Plaintiff, Plaintiff's collection agency attorneys, and others.

The cross complaint case had two years to be brought from the time of injury or time of knowledge regarding the cause of the injury. Defendant and Cross-complainants would have filed even sooner than March 2008, but they were not provided discovery and were in the dark about what crimes Plaintiff, Plaintiff's employees and Plaintiff's representatives and agents had perpetrated against Defendant Stewart, all of which lead to violations of Defendant Stewart's and Cross-Complainant's civil rights and in violation of Title 15 USC §1692 the Federal Fair Debt Collection Practices Act and Title 18 USC Impeding Commerce.

Causes for removal to Federal Court include un-Constitutional illegal search and seizure based upon suborned perjured testimony (home invasion) and everything that followed, un-Constitutional false arrest, un-Constitutional false imprisonment, un-Constitutional no legal representation at criminal arraignment, un-Constitutional unfair bail amount of $100,000, slander, negligent, malicious and abusive prosecution, violation of privacy via stalking and public encouragement of others to stalk, defame and invade the privacy of the Defendant and all his business associates and roommates and to post the malicious slander and invasion of privacy on the Internet in order to further this case against the Defendant in anonymous fashion, and encourage harassment of Defendant, his business associates and roommates, cruel and unusual punishment, illegal detainment, abuse of process, malicious process, negligence, and other violations of at least three Cross-Complainant persons civil rights, all based upon the perjured testimony that Plaintiff's attorney suborned (Exhibit A, and Exhibit B Deposition).

Additional causes of action include losses due to conspiracy and slander by Plaintiff's and their collection agency representatives, to persons and various corporate persons. This slander and conspiracy then resulted in further violations of rights to due process in other jurisdictions, loss of corporate and personal income due to slander, direct and consequential.

All three individuals in the Defendants' residence were violated by the direct, indirect or consequential actions of the Plaintiff, Plaintiff's employees, agents, slaves and Collection Agency (the Scheer Law Group). They filed the case originally as Plaintiffs in the U.S. District Court, Northern California District, as Case#C08 02143, while the Defendant Stewart was being held under false arrest and false imprisonment based upon the perjured testimony of Plaintiff's employee Debby Di Filippo.

The civil case against Defendant Stewart was removed by Defendant Stewart to U.S. District Court after a California Superior Court on April 16, 2008 dismissed the criminal case against Defendant Stewart, when it was factually shown that Di Filippo's out right lied and claim of fraud were false. Plaintiff's attorney Seigel knows this, but continues to commit intrinsic fraud upon the court by alleging that Defendant Stewart's employer does not exist as a business, when both the City of San Jose and County of Santa Clara have documented its' continuous business licenses for the last twelve years. Further approximately 12 employee names working for Defendant's employer, who knew personally of Defendant Stewart's employment, were provided to Plaintiff's attorney in discovery. Twelve people would not all lie, and most of these people have earned doctorate degrees.

After Defendant Stewart was released from jail and the criminal case was dismissed on April 16, 2008, the Cross-Complainants and then refiled the case as a cross-complaint under this Case #C08 02996 instead of as it's own separate complaint, because it made more sense to handle the two related cases together, and because they both contain federal court issues.

Attorney Seigel, in Plaintiff's law firm and collection agency, Scheer Law Group, seeks to conceal his firms' actions which have actually caused the cross complaint (see Exhibit A and Exhibit B). The Scheer Law Group has now, in the opinion of many, crossed the line to criminality in order to conceal the true evidence and their involvement, to avoid accountability.

## DISPUTED FACTS IN OPPOSITION TO MOTION

Cross-Complainant Rosalie Guancione disputes all claimed facts of Plaintiff, plaintiff's collection agency and former attorney firm (who is believed to have suborned perjury of sole witness in case), and plaintiff's new counsel.

Further information will be presented from these pleadings, the court file, oral argument, and other materials presented at the hearing.

## REQUEST FOR SANCTIONS

Cross-Complainant Rosalie Guancione requests sanctions be imposed upon Plaintiff and Plaintiff's attorney for filing this motion in bad faith and for purpose of delay. In support of this request, Cross-Complainant Rosalie Guancione points out that Plaintiff must have realized that in attaching only her declaration, it would be highly unlikely for the Court to grant the motion to dismiss and further, that Plaintiff was relying upon Defendant's and Cross-Complainant's in pro per status to result in each of their inabilities to successfully oppose such a motion.

As background, Plaintiff's collection agency committed intrinsic fraud against the state court by first claiming that Larkspur did not exist, then seeking sanctions from Larkspur (who was not a party to the suit at that time) for not providing discovery, when Larkspur had produced discovery to Quest Discovery Services. Plaintiff's collection agency never acknowledged receipt of discovery despite two signed letters from the 3rd party Quest Discovery Services acknowledging receipt of discovery documents. Plaintiff's collection agency committed fraud against Larkspur by stating that they would take the motion for sanctions off calendar if discovery was provided prior to court date, which it was, but the matter was never taken off calendar by Plaintiff's collection agency, and they obtained a default.

Plaintiff's collection agency has also obtained sanctions against Defendant in this case for claiming that he did not produce sufficient discovery to Plaintiff's collection agency, immediately after Defendant was released from jail on the false criminal charges based upon Plaintiff's fraudulent testimony. Criminal charges that were dismissed three weeks later in California State Sup. Court in San Mateo County, for these same allegations by Plaintiff (see Exhibit D).

Cross-complainants request for Sanctions are now also based upon three separate Notices that were filed with the Court, and served upon Plaintiff's collection agency and former attorney prior to notification of new counsel for Plaintiff, regarding unavailability of counsel by several cross-complainants during the period that this motion was filed.

In considering sanctions against the Plaintiff, the court should consider that

Cross-Complainant Rosalie Guancione has spent 23 hours researching and preparing this opposition, and therefore requests sanctions of $1150. In addition, Cross-Complainant Rosalie Guancione has incurred $1500 in contracted costs of service for this opposition of motion to all interested parties, approximately 40 parties.

## Federal Issues In This Case

1. List of Cross Defendants includes corporations that are registered in other states: Nevada, a federal corporation registered in Washington DC, and a corporation registered outside the United States of America in the British Commonwealth (St. Kitts & Nevis, West Indies).
2. Violation of Title 15 U.S.C. section 1692 by a collection agency called Scheer Law Firm, who asked, urged and advised a credit union employee to commit perjury for falsely claiming that a company did not exist when she knew nothing of the kind, in order to make false claims of fraud against Defendant. The company lied about has existed for over 12 years as a licensed entity with many contract consultant employees. See exhibit A)
3. Violations in 2, above, were the direct cause of various violations of civil rights against Defendant William Stewart, III, and two of his housemates for over a year, although violation 2 only became known to him after filing and removing the case to U.S. District Court, as Plaintiff and Plaintiff's collection agency conspired to conceal this and all other discovery from defendant and cross-complainants.
4. Slander, mental anguish, violations of due process, unfair bail, denial of legal representation during arraignment of Defendant in fraudulent criminal trial based upon false testimony, false imprisonment and other tort claims and causes of action against Plaintiff and Plaintiff's Collection Agency Scheer Law Group, and all other agents who acted in concert with suborned perjured testimony of employees of Plaintiff SF Police Credit Union.

Dated: August 13, 2008

Rosalie A. Guancione

_____
[Signature]

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

DRAFT ORDER FROM TRIAL COURT
Rosalie A. Guancione
15732 Los Gatos Blvd.
Los Gatos, CA 95032
Tel. (408)453-5446


Cross-Complainant, In Proper


## UNITED STATES DISTRICT COURT
### Northern District of California
### San Jose Division
### 280 So First Street #3035
### San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al | Case #C08 02996 RS |
| Petitioner | SF Police CU v. Stewart |
| v. | PROPOSED ORDER ON MOTION TO DISMISS, |
| WILLIAM BULLOCK STEWART III, Et Al | |
| Respondent | |


## ORDER DENYING MOTION TO DISMISS

Plaintiff's attorney filed a Motion to Dismiss the case from U.S. District Court.
Defendant's answer, counter complaint and cross complaint are based upon:

1. Federal questions involving both civil rights issues, Title 15 U.S.C. § 1692g, Title 18 USC Impeding Commerce and Violations of RICO statute, are issues heard by this Court and within the Jurisdiction of this Court. Plaintiff, Plaintiff's employees, agents, and others acting upon Plaintiff's behest may have involved one or more of these issues, as alleged by Defendant and Cross-Complainants.

2. Cross-Complainants who are corporate entities that are located in jurisdictions outside the state of California, in Nevada, another being a

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

federal entity in the District of Columbia, a third outside the United States of America.

**GOOD CAUSE HAVING BEEN SHOWN**, The Court finds that:
Neither Plaintiff nor Plaintiff's collection agency have standing to file this motion at the time that it was filed.

That there are sufficient federal questions and justifications to retain the case, including the counter complaints and cross complaints within the Federal Court jurisdiction.

The Court **DENIES** the Plaintiff's motion for dismissal, and
**IT IS ORDERED THAT**:

## ORDER DENYING MOTION FOR DISMISSAL

The Clerk is directed to transmit copies of this Order to:
counsel of record for Plaintiff, Defendant, and other interested parties.

DATED: _____  _____, 2008.


_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT
MAGISTRATE JUDGE

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

## DECLARATION OF ROSALIE A. GUANCIONE

I, Rosalie A. Guancione, declare:

1. I am a cross-complainant in the above-entitled action.
2. I am also an employee of the Defendant's employer.
3. I was a victim of the Civil Rights abuses caused directly by Plaintiff and Plaintiff's employee who lied in a police report, see Exhibit A and Exhibit B.
4. I have a personal knowledge of the following facts in this case.
5. I certify that the statements and contents in the attached motion are true and that if compelled to testify regarding them, would do so competently.
6. Attempts were made to file this with Federal Court prior to 5pm on Wednesday, August 13, 2008, five court days before the August 20, 2008, motion to dismiss court date. But, all Federal Marshalls had departed for the day. Security cameras in the Federal plaza between the Federal buildings at 280 S. Second Street, San Jose, CA, would indicate this if reviewed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 13, 2008, in Santa Clara County, CA.

Rosalie A. Guancione

[Signature]

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

EXHIBIT A: SWORN DEPOSITION OF DEBBIE DI FILIPPO, ONLY
WITNESS IN CASE

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion
to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of
California, San Jose Div., Case #C08 02996 RS

San Mateo Police Department Incident Report

| Code 1 | Incident Desc 1 | | Att ☐ O/S ☐ | Report # |
|---|---|---|---|---|
| 487PC | GRAND THEFT | | | 07-0605-010 |
| Code 2 | Incident Desc 2 | | Att ☐ O/S ☐ | |
| 470(d)PC | FORGERY OF DOCUMENTS | | | |
| Code 3 | Incident Desc 3 | | Att ☐ O/S ☐ | |

| Date/Time/Day Occurred | | Date Rptd | Time Rptd |
|---|---|---|---|
| 01-16-07 Unknown Tuesday   To  01-23-07 Unknown Tuesday | | 06-05-07 | 1130 |

| Location of Occurrence | Name of Business (if applicable) | Beat |
|---|---|---|
| 1495 South El Camino Real   San Mateo   CA 94402 | San Francisco Police Credit Union | B |

| Victim's Name - Last, First, Middle (firm or business) | Residence Address (include City) | Residence Telephone |
|---|---|---|
| San Francisco Police Credit Union | | |

| DL# | Race | Sex | DOB | Business Address (include City) | Business Telephone |
|---|---|---|---|---|---|
| | | | | 1495 South El Camino Real   San Mateo   CA 94402 | (650) 627-2100 |

| Victim's Vehicle Yr. | Make | Model | Color | License # | |
|---|---|---|---|---|---|

| CK 293 Request ☐ | DV Case? ☐ | Violent Crime Notice ☐ | Orig CPS Referral ☐ | Add'l Victims ☐ | # of Suspects |
|---|---|---|---|---|---|

| Code / Name - Last, First, Middle (firm or business) | Residence Address (include City) | Residence Telephone |
|---|---|---|
| RP DEFILIPPO  DEBORAH   RENEE | N/A | (415) 531-0691 |

| DL# | Race | Sex | DOB | Business Address (include City) | Business Telephone |
|---|---|---|---|---|---|
| C2663998-CA | W | F | 06-25-1965 | 2550 Irving Street          San Francisco CA 94122 | (415) 682-3533 |

| Code / Name - Last, First, Middle (firm or business) | Residence Address (include City) | Residence Telephone |
|---|---|---|
| | | |

| DL# | Race | Sex | DOB | Business Address (include City) | Business Telephone |
|---|---|---|---|---|---|
| | | | | | |

1 **SUMMARY:** ~~██████████~~ SMPD ~~████████~~ the above ~~█████~~ attorney for her

2 employer, the San Francisco Police Credit Union. Defilippo said she felt that a credit union member

3 had fraudulently obtained funds by misrepresenting his income, and an address, on a loan application.

4 Defilippo said her efforts to contact the member (since March 2007) have been unsuccessful. She had

5 consulted with the Credit Union's attorney, who told her to file a police report. Case suspended

6 pending further information.

7

8 **INVESTIGATION:** At about 1133, 06-05-07, I was dispatched to SMPD to contact "Debbie" regarding

9 a fraud which allegedly occurred at 1495 S. El Camino Real in San Mateo. When I arrived, I met with

10 RP Defilippo, who said she was the "VP of Asset and Recovery" for the San Francisco Police Credit

11 Union. I asked Defilippo what kind of a fraud she had come to SMPD to report.

| Item | Article | QTY | Brand | Model | ID # | Description | Value Per Item |
|---|---|---|---|---|---|---|---|
| T 1 | Monies | N/A | U.S. Gov't | N/A | N/A | Funds obtained by loan. | $24,635.86 |
| | | | | | | | $ |
| | | | | | | | $ |

| Total Recovered $ | Total Damaged $ | Total Value $ | Total Value Is Unknown ☐ |
|---|---|---|---|
| 0 | 0 | 24,635.86 | |

| Ref SMPD Rpt | | Reports to: | |
|---|---|---|---|
| O/S Rpt | Officer Follow-up | INV | JUN 0 5 2007 |

| Reporting Officer | | Badge # | DOJ Entry | BOL | Initial Process |
|---|---|---|---|---|---|
| M. Schlegel | 06-05-07 | 60 | | | |
| Supervisor | 332 | Badge # | Date 06-05-07 | Scan Initial | Scan Date |

The police officer writing this report
received Proposition 115 training
or has more than five years of
law enforcement experience

of (408) 456-0598. Defilippo said that the loan was approved, and funded on 01-23-07, with the

San Mateo Police Department
Narrative Supplement

Report No. 07-0605-010

| Code Section | Time | Date | Original Investigating Officer | Original ☒ |
|---|---|---|---|---|
| 487PC | 1130 | 06-05-07 | M. SCHLEGEL    #60 | Supplement ☐ |

12  She explained that the credit union had funded a $25,000.00 loan for a member, based on a

13  facsimile application being processed. Defilippo said since the loan was funded (granted) in

14  January 2007, only one payment had been made towards it. Defilippo went on to describe how

15  she had tried to track down the member, not been able to reach him by phone, and later learned

16  his work address (a P.O. Box) was at a mailbox/shipping store in the Westgate Mall in San Jose.

17

18  I contacted Sgt. Gonzales in Investigations and he met briefly with Defilippo, asking her some

19  questions about the circumstances surrounding the loan. Sgt. Gonzales said that the bureau

20  would take over the case once it had been forwarded to them.

21

22  Defilippo provided numerous photocopies of various documents, saying they had the originals of

23  most at the Credit Union offices. Those copies included a facsimile loan application and

24  photocopies of two CA driver licenses (see attachments). One was for the member who had

25  originally opened an account with them on 10-08-05, a male named William Stewart, and the

26  second was for a female named Rosalie Guancione, who he added to the account on 12-30-05.

27

28  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the account holder who obtained the funds ▓▓▓▓▓▓

29  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Defilippo said that

30  the loan application process was begun on 01-16-07, and the loan officer who handled it was

31  Karla Patty in the San Mateo branch. Defilippo said the loan application was processed by

32  phone and facsimile, and to her knowledge, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

33

34  Defilippo went on to say that Patty apparently received a letter from the member applying for the

35  loan, stating what his income was. Defilippo also had a copy of what she said was a check stub

36  from the member, also purporting to show his income. Those copies reflected a facsimile number

37  of (408) 453-0530. Defilippo said that the loan was approved, and funded on 01-23-07, with the

38  funds being deposited to member William Stewart's account (see attached receipt copies).

| Ref SMPD Rpt | | | Reports to INV | | |
|---|---|---|---|---|---|
| O/S Rpt | | | | | |
| Reporting Officer M. Schlegel | 06-05-07 | ID # 60 | DOJ Entry | BOL | Initial Process |
| Supervisor | Badge # | Date 06-05-07 | Scan Initial | Scan Date | |

EXHIBIT B: SECOND SWORN DEPOSITION OF DEBBIE DI FILIPPO,
DEPOSITION OF ONLY WITNESS IN CASE

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion
to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of
California, San Jose Div., Case #C08 02996 RS

SAN MATEO POLICE DEPARTMENT
NARRATIVE SUPPLEMENT

Page 1 of 7    Report No. 07-0605-010

| Code Violation | Date | Original Investigating Officer | Original Supplement XX |
|---|---|---|---|
| 532(a) PC | 9-6-07 | Officer Schlegel #60 | |

*INVESTIGATION SERVICES SUPPLEMENTAL REPORT*

**VICTIM:**

San Francisco Police Credit Union

1495 S. El Camino Rl.

San Mateo, CA  94402

627-2100


**SUSPECT:**

William Stewart DOB 11-11-55

1461 Forrestal Ave.

San Jose, CA  95110

(408) 702-7677


**WITNESS:**

Karla Patty

1495 S. El Camino Rl.

San Mateo, CA  94402

627-2100


**INVESTIGATION:**

On 9-6-07 I sent a letter to Evelyn Fernandez, VP of San Francisco Police Credit Union and

I asked her and/or employee Karla Patty to respond to a series of follow up questions. The

following questions were answered by Patty.

| Ref SMPD Report: | | O/S Report: | | |
|---|---|---|---|---|
| Reporting Officer: Detective S. Miller | Badge #: 131 | Reports to: DA (3) | | OCT 2 6 2007 |
| Supervisor: | Badge #: 534 | Date: 10·26·07 | DDJ Entry: | BOL: | Initial Process: |
| SMPD: CR2 (6/97) | | Scan Initial: | | Scan Date: | |

investigating these crimes. I have assisted fellow officers in their investigations and have interviewed known offenders.

During the course of my assignment as detective, I have learned the following having read San Mateo Police Department report documented as case #07-0605-010, and through my investigation in this crime.

During the month of January 2007 the San Francisco Police Credit Union located at 1495 S. El Camino Rd., San Mateo, County of San Mateo processed a $25,000 loan via the internet for customer William Stewart. The loan was approved and Stewart obtained the $25,000 from the loan.

Stewart made one payment on the loan and since that payment he has made no other payments. As a result of Stewart not making his payments credit union employee, Deborah DeFilippo reviewed the loan documents. She tried to track down Stewart, but she was unable to reach him by telephone or letter. She went to his work address (Larkspur Consultants, Inc. 1600 Saratoga Ave. Suite 403-BX 223, San Jose, CA 95129) and learned it was a mailbox/shipping store in the Westgate Mall in San Jose. DeFilippo deducted that Stewart falsified his loan application by lying about his income and place of employment (violation of 532(a) PC Obtain money by false pretenses) since it appeared the company did not exist.

I spoke to San Francisco Police Credit Union Senior Vice President, Evelyn Fernandez. I asked Fernandez to tell me what effect the suspect's claimed income had on the granting of the loan and would the loan have been declined if Stewart was truthful about his income.

EXHIBIT C: Certified Copy of Business License for Larkspur indicating registration continuous since 1996

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

```
+----------------------------------------------------------------------------
|            . . . . . . . . . . . Enter Property Address. . . . . . . . . . . . . . . . . . . . . . . . .
|Street: LOS GATOS         Dir:      Number:15732  Type: BL   Suite: 410  |
|  City: LOS GATOS            State:CA    CALIFORNIA     Zip:
|  District : 99      150451 IS ASSIGNED TO THIS LOCATION
|                                                   Source :
|  Business Name :LARKSPUR                Business Phone :000 ) 4360378|
|  Owner Name    :GENERAL INNOVATIONS WEST INC  Type of Owner :C
|  Property Owner:                         Housing Permit000000
|  Nature of Bus :CONSULTING/WHOLESALE            SIC :7392
|  Start Date    :08/01/1996                      APN 00000000
|  FEIN #        :0            OR    Social Security Number 570585716
|  State Resale  :000099988611       County Health Permit :
|                                           Census Tract0000.00
|  Is the applicant a licensed contractor? (Y or N):
|  State Contractor Lic# :000000  Type :      Expires :
|
|            Is this a Lead Account (Y/N)?       BIMS N.000000
|            TO ASSIGN A NEW ACCOUNT NO., ENTER Y:
+----------------------------------------------------------------------------
```

CTRL/R :Prev Scr | CTRL/L :General help | TAB/H :Field help | HOME/INSERT :L

The foregoing instrument is
a correct copy of the original        8/12/08
on file in this office.                    Date
Attest:
  Finance Department, Treasury Division
  City of San Jose
  County of Santa Clara, State of California
By _____
Title: _____

EXHIBIT D: CALIFORNIA SUPERIOR COURT, COUNTY OF SAN MATEO, OFFICIAL COURT TRANSCRIPT FOR DISMISSAL OF CRIMINAL CASE AGAINST DEFENDANT WILLIAM B. STEWART, III, THAT WAS BASED UPON PLAINTIFF'S FRAUDULENT TESTIMONY ("DISMISSED")

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS

1        SUPERIOR COURTS, STATE OF CALIFORNIA

2              COUNTY OF SAN MATEO

3

4   THE PEOPLE OF THE              )
    STATE OF CALIFORNIA,           )       COPY
5                                  )
              PLAINTIFF,           )
6                                  )       CASE NO. NF372832A
        VS.                        )
7                                  )
    WILLIAM BULLOCK STEWART,       )
8                                  )
              DEFENDANT.           )
9   _____)

10

11        REPORTER'S TRANSCRIPT OF THE PROCEEDINGS

12        Before:  HON. LISA A. NOVAK, Judge

13           DEPARTMENT 13, COURTROOM N

14           Wednesday, April 16, 2008

15

16

17  A P P E A R A N C E S:

18  FOR THE PEOPLE:

19                            JAMES P. FOX, DISTRICT ATTORNEY
                              BY:  EVELINA BOZEK, Deputy D.A.
20                            1050 Mission Road
                              South San Francisco, CA  94080

21

22  FOR THE DEFENDANT:

23                            PRIVATE DEFENDER PROGRAM
                              BY:  PATRICK CONCANNON, Esquire
24                            333 Bradford Street, Suite 200
                              Redwood City, CA  94063

25

26  REPORTED BY:              KATHRYN LEZCHUK, CSR NO. 2302

1                    P r o c e e d i n g s

2                              South San Francisco, California

3  Afternoon Session               Wednesday, April 16, 2008

4                          ---oOo---

5          THE COURT:  Line 5, William Stewart.

6          MR. CONCANNON:  Patrick Concannon appearing for

7  and with Mr. Stewart.

8          MS. BOZEK:  Evelina Bozek for the People.

9      In this case, the People are dismissing.

10          THE COURT:  Any objection, Mr. Concannon?

11          MR. CONCANNON:  No, Your Honor.

12          THE COURT:  Basis for the dismissal?

13          MS. BOZEK:  Insufficient evidence, Your Honor.

14          THE COURT:  And that motion is granted.

15          MS. BOZEK:  Thank you.

16          MR. CONCANNON:  Thank you.

17              (Conclusion of proceedings.)

18                     ---oOo---

19

20

21

22

23

24

25

26

SUPERIOR COURTS, STATE OF CALIFORNIA

COUNTY OF SAN MATEO

THE PEOPLE OF THE        )
STATE OF CALIFORNIA,     )
                     )
        Plaintiff,    )
                     )
  vs.               )    NO. NF372832A
                     )
WILLIAM BULLOCK STEWART,  ) Reporter's Certificate
                     )
        Defendant.    )
_____)

STATE OF CALIFORNIA  )

COUNTY OF SAN MATEO  )

      I, Kathryn Lezchuk, Certified Shorthand Reporter and Official Reporter of the Superior Court of the State of California, County of San Mateo, do hereby certify that the foregoing, pages 1 through 3, comprise a full, true and correct computer-aided transcript of the proceedings held in the matter of the above-entitled cause.

      Dated this 11th day of July, 2008.

                        *Kathryn M. Lezchuk*
                   Kathryn M. Lezchuk, CSR #2302
                Official Reporter, Superior Court

EXHIBIT E: LETTER FROM SCHEER LAW GROUP COLLECTION AGENCY
REFUSING ON BEHALF OF THEMSELVES AND PLAINTIFF (ALLEGED
CREDITOR) TO OBEY THE FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT

Cross-Complainant Rosalie Guancione's Request for Continuance and Opposition to Motion
to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of
California, San Jose Div., Case #C08 02996 RS

**SPENCER P. SCHEER**
**JOSHUA L. SCHEER**
**AUSTIN D. GARNER**
**REILLY D. WILKINSON**
**JONATHAN SEIGEL**
**MICHAEL D. IMFELD**··

··**OF COUNSEL**

# SCHEER LAW GROUP, LLP
## ATTORNEYS AT LAW

155 N. REDWOOD DRIVE, SUITE 100
SAN RAFAEL, CALIFORNIA 94903
PHONE (415) 491-8900 · FAX (415) 491-8910
FIRST LETTER OF USER NAME AND ENTIRE LAST NAME
@SCHEERLAWGROUP.COM

*REPRESENTING SECURED*
*CREDITORS THROUGHOUT*
*CALIFORNIA*

July 1, 2008

William Stewart
1461 Forrestal Ave
San Jose, CA 95110

      Re: *SF Police Credit Union v. William Bullock Stewart, III*
         SLG File No. S.135-215S

Dear Mr. Stewart:

      I am in receipt of your Verified Notice of Default & Demand For Discharge addressed to Michael Sordelli. Your Demand For Discharge is denied. In addition, your claim that my client and somehow in default is meritless. My client will continue to pursue the debt.

      I once again request that you address all communication to me.

SINCERELY,

JONATHAN SEIGEL

SCHEER LAW GROUP, LLP