Rosalie M. Stewart
2094 El Camino Real #218
Santa Clara, CA 95050
Tel. (408)453-0530



RECEIVED

08 AUG 21 AM 8: 02

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Cross-Complainant, In Proper

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al <br><br> Petitioner <br><br> v. <br><br> WILLIAM BULLOCK STEWART III, Et Al <br><br> Respondent | ) Case #C08 02996 RS / JF <br> ) SF Police CU v. Stewart <br> ) <br> ) OPPOSITION TO <br> ) MOTION TO DISMISS, <br> ) DECLARATION OF MRS. <br> ) ROSALIE MERRIMAN <br> ) STEWART <br> ) DATE:   August 20, 2008 <br> ) TIME:   9:30 AM <br> PLACE:  Court Rm 4, 5th Floor <br> TRIAL DATE: not set |



Cross-Complainant Mrs. Rosalie Merriman Stewart is an interested party to this case. Mrs. Rosalie Merriman Stewart is seeking counsel to perform discovery, and asks the Court for a continuance of at least 60 days as provided in FRCP 56(f). The Court has discretion to extend the time period to which the Cross-Complainant must respond to Plaintiff's motion to dismiss and to continue hearing date for Plaintiff's motion.

Cross Complainant Mrs. Rosalie Merriman Stewart was never served in this motion to dismiss and was caught unaware.

A postponement of the hearing on Plaintiff's motion to dismiss is appropriate and necessary because Defendant needs to have an opportunity to conduct discovery in

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

order to develop evidence with which to oppose the motion. Plaintiff filed the motion before Defendant had a chance to hire an attorney and send out written interrogatories or conduct other investigation.

## CASE WHICH HAS RESULTED IN CROSS COMPLAINT

The frivolous complaint filed by Plaintiff in this case had three counts.

1.  The first was breach of contract regarding an unsecured signature loan – THIS LOAN WAS NEVER VERIFIED AND VALIDATED PER TITLE 15 U.S.C. §1692(c)c and g, as required for debt collection actions, but creditor (Plaintiff) and collection agency (Scheer Law Group) refuse to obey this federal law (Exhibit E and page 9 of this motion)

2.  The second was fraud based upon an allegation that Defendant's employer did not exist – I am one of the employees of this business, which has been registered in the City of San Jose continuously for the last 12 years, with fictition name filing in the County of Santa Clara also continuously for the last 12 years, and that has been recognized by the San Mateo County Sup. Ct. as existing, and therefore the criminal case associated with this civil case was thrown out. The allegation of fraud was based upon one witness, Debbie Di Filippo, who did not actually witness anything. Her deposition (see Exhibit A and Exhibit B) states that she "deduced" fraud, after she was told to make fraud allegations by an attorney. We, the Cross-Complainants in this case believe that the attorney who told Di Filippo to lie and allege fraud was her collection agency attorney, the Scheer Law Group, thus suborning perjury. The Scheer Law Groups' motive in urging this negligent and malicious accusation was: to prevent bankruptcy discharge of the debt by Defendant, to collect legal fees from Plaintiff, and exemplary and punitive damages from Defendant, see count 3 below.)

3.  The third claim of Plaintiff was that the fraud of making up an employer that did not exist was so bad that it warranted extra damages from the Defendant in this case – the fact is that there was no fraud on the part of the Defendant, his employer has been proven already to exist in the associated criminal case in California State Sup. Court, San Mateo County, where Plaintiff's claims of fraud were thrown out and dismissed prior to trial, and certainly no fraud within the scope of the second amended complaint against the Defendant.

## DISPUTED FACTS IN OPPOSITION TO MOTION

Cross-Complainant Mrs. Rosalie Merriman Stewart disputes all claimed facts of Plaintiff, plaintiff's collection agency and former attorney firm (who is believed to have suborned perjury of sole witness in case), and plaintiff's new counsel.

Further information will be presented from these pleadings, the court file, oral argument, and other materials presented at the hearing.

## REQUEST FOR SANCTIONS

Cross-Complainant Mrs. Rosalie Merriman Stewart requests sanctions be imposed upon Plaintiff and Plaintiff's attorney for filing this motion in bad faith and for purpose of delay. In support of this request, Cross-Complainant Mrs. Rosalie Merriman Stewart points out that Plaintiff must have realized that in not attaching any personal declaration, it would be highly unlikely for the Court to grant the motion to dismiss and further, that Plaintiff was relying upon Defendant's and Cross-Complainant's in pro per status to result in each of their inabilities to successfully oppose such a motion.

As background, Plaintiff's collection agency has already sought sanctions against the Defendant and a third party not a party to the Complaint, under dubious circumstances, relying on Defendant and Cross-complainants lack of legal representation.

Criminal charges against the Defendant were dismissed April 16, 2008, in California State Sup. Court in San Mateo County, for these same allegations by Plaintiff (see Exhibit D).

Cross-complainants request for Sanctions are now also based upon three separate Notices that were filed with the Court, and served upon Plaintiff's collection agency and former attorney. The Plaintiff and plaintiff's agents were notified prior to notification of new counsel for Plaintiff, regarding unavailability of counsel by several cross-complainants during the period that Plaintiff's motion to dismiss was filed. Plaintiff obviously was counting on taking Defendant and Cross-complainants by surprise and unrepresented, after being noticed to not file motions during the period due to unavailability of counsel.

In considering sanctions against the Plaintiff, the court should consider that Cross-Complainant Rosalie Merriman Stewart has spent 15 hours researching and preparing this opposition, and therefore requests sanctions of $750. In addition,

Cross-Complainant Rosalie Guancione has incurred $200 in contracted costs of service for this opposition of motion to all interested parties, approximately 40 parties.

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

## Federal Issues In This Case

1. List of Cross Defendants includes corporations that are registered in other states: Nevada, a federal corporation registered in Washington DC, and a corporation registered outside the United States of America in the British Commonwealth (Federation of St. Kitts & Nevis, West Indies).

2. Violation of Title 15 U.S.C. section 1692 by a collection agency called Scheer Law Firm, who asked, urged and advised a credit union employee to commit perjury for falsely claiming that a company did not exist when she knew nothing of the kind, in order to make false claims of fraud against Defendant. The company lied about has existed for over 12 years as a licensed entity with many contract consultant employees. See Exhibits A and B)

3. Violation of Title 18 U.S.C. Impeding Commerce in Hawaii and in Washington DC.

4. Violations in 2 and 3, above, were the direct cause of negligent and abusive slander, and lies to law enforcement and in court filings, which caused various violations of civil rights against Defendant William Stewart, III, and two of his housemates for over a year, although violations 2 and 3 only became known after filing and removing the case to U.S. District Court, as Plaintiff and Plaintiff's collection agency conspired to conceal this and all other discovery from defendant and cross-complainants.

5. Civil Rights violations in this case resulted from the malicious slander and lies fabricated by the Plaintiff's and Plaintiff's collection agency.

6. This cross-complaint also involves slander, mental anguish, violations of due process, unfair bail, denial of legal representation during arraignment of Defendant in fraudulent criminal trial based upon false testimony, false imprisonment and other tort claims and causes of action against Plaintiff and Plaintiff's Collection Agency Scheer Law Group, and all other agents who acted in concert with suborned perjured testimony of employees of Plaintiff SF Police Credit Union.

Dated August 13, 2008

RECEIVED
08 AUG 20 AM 8:
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Mrs. Rosalie M. Stewart

*Mrs. Rosalie M. Stewart*
[Signature]

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

Rosalie M. Stewart
2094 El Camino Real #218
Santa Clara, CA 95050
Tel. (408)453-0530

Cross-Complainant, In Proper


UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

|  |  |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al | ) Case #C08 02996 RS ) |
| Petitioner | ) SF Police CU v. Stewart ) |
| v. | ) PROPOSED ORDER ON ) MOTION TO DISMISS, |
| WILLIAM BULLOCK STEWART III, Et Al | ) ) |
| Respondent | ) ) |


## ORDER DENYING MOTION TO DISMISS

Plaintiff's attorney filed a Motion to Dismiss the case from U.S. District Court. Defendant's answer, counter complaint and cross complaint are based upon:

1. Federal questions involving both civil rights issues, Title 15 U.S.C. § 1692g, Title 18 USC Impeding Commerce and Violations of RICO statute, are issues heard by this Court and within the Jurisdiction of this Court. Plaintiff, Plaintiff's employees, agents, and others acting upon Plaintiff's behest may have involved one or more of these issues, as alleged by Defendant and Cross-Complainants.

2. Cross-Complainants who are corporate entities that are located in jurisdictions outside the state of California, in Nevada, another being a

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

federal entity in the District of Columbia, a third outside the United States of America.

**GOOD CAUSE HAVING BEEN SHOWN**, The Court finds that:
Neither Plaintiff nor Plaintiff's collection agency have standing to file this motion at the time that it was filed.

That there are sufficient federal questions and justifications to retain the case, including the counter complaints and cross complaints within the Federal Court jurisdiction.

The Court **DENIES** the Plaintiff's motion for dismissal, and
**IT IS ORDERED THAT**:

**ORDER DENYING MOTION FOR DISMISSAL**

The Clerk is directed to transmit copies of this Order to:
counsel of record for Plaintiff, Defendant, and other interested parties.

DATED: _____  _____, 2008.


_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT
MAGISTRATE JUDGE

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

## DECLARATION OF MRS. ROSALIE M. STEWART

I, Rosalie Merriman Stewart, declare:

1. I am a cross-complainant in the above-entitled action.
2. I am acquainted with the Defendant, William B. Stewart, III, and several of the human cross complainants in this case.
3. I have an interest in this case due to the slander upon the good name of Stewart that the Plaintiff and Plaintiff's collections agency has performed repeatedly in a variety of forums over the last year and a half, in an abusive, malicious and negligent way.
4. The plaintiff in this case made claims in their civil suit, and to police, that my son's employer, Larkspur did not exist without ever confirming their allegations.
5. Twelve years of continuous business licenses issued from the City of San Jose show that Larkspur does and has existed.
6. Further, the Plaintiff claims to have made an unsecured signature loan to my son without ever verifying and validating that the loan was ever made, as required under Federal Law, Title 15 U.S.C. section 1692, Fair Debt Collection Practices Act.
7. Plaintiff and Plaintiff's employees, collections agency, agents and slaves allege wrong doing by Defendant, but Plaintiff seems to be the only one that is doing anything wrong.
8. Because Plaintiff and Plaintiff's employee lied in a police report, in June 2007, prior to Plaintiff's filing of their frivolous civil claim against Defendant based upon the same lie, reputations have been damaged and business prospects diminished for many good people and many businesses.
9. A series of events instigated by Plaintiff directly, or through their many sabotaging acts, have occurred that have resulted in business losses in the state of Hawaii alone estimated at $31.5 million/year to the non-profit Stewart University of America.
10. The court has discretion to accept documents submitted in the case as they see fit, under FRCP, and I ask the court to accept this opposition to motion to dismiss, though it may not be filed timely. We are in the process of hiring an attorney to represent our interests and the interests of several out of state Corporations and to perform discovery in this case during the requested period of continuance under FRCP 56(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 17, 2008, in Santa Clara County, CA.

Mrs. Rosalie M. Stewart

*Mrs. Rosalie M. Stewart*
[Signature]

RECEIVED

08 AUG 20 AM 8: 02

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

Cross-Complainant Mrs. Rosalie M. Stewart's Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart. US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

EXHIBIT A: SWORN DEPOSITION OF DEBBIE DI FILIPPO, ONLY
WITNESS IN CASE

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to
Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern
District of California, San Jose Div., Case #C08 02996 RS / JF

07-0605-010

## San Mateo Police Department Incident Report

| Code 1 | Incident Desc 1 | Att ☐ O/S ☐ | Report # |
|---|---|---|---|
| 487PC | GRAND THEFT | | 07-0605-010 |
| Code 2 | Incident Desc 2 | Att ☐ O/S ☐ | |
| 470(d)PC | FORGERY OF DOCUMENTS | | |
| Code 3 | Incident Desc 3 | Att ☐ O/S ☐ | |

| Date/Time/Day Occurred | | Date Rptd | Time Rptd |
|---|---|---|---|
| 01-16-07 Unknown Tuesday  To  01-23-07 Unknown Tuesday | | 06-05-07 | 1130 |

| Location of Occurrence | Name of Business (if applicable) | Beat |
|---|---|---|
| 1495 South El Camino Real   San Mateo   CA 94402 | San Francisco Police Credit Union | B |

| Victim's Name - Last, First, Middle (firm if business) | | Residence Address (Include City) | Residence Telephone |
|---|---|---|---|
| San Francisco  Police Credit  Union | | | |
| DL# | Race | Sex | DOB | Business Address (Include City) | Business Telephone |

San Francisco  Police Credit  Union

Business Address (Include City): 1495 South El Camino Real   San Mateo   CA 94402    Business Telephone: (650) 627-2100

| Victim's Vehicle Yr. | Make | Model | Color | License # |
|---|---|---|---|---|

| CK 293 Request ☐ | DV Case? ☐ | Violent Crime Notice ☐ | Orig GPS Referral ☐ | Add'l Victims ☐ | # of Suspects ☐ |
|---|---|---|---|---|---|

| Code / Name - Last, First, Middle (firm if business) | Residence Address (Include City) | Residence Telephone |
|---|---|---|
| RP DEFILIPPO  DEBORAH  RENEE | N/A | (415) 531-0691 |
| DL#  C2663998-CA | Race W | Sex F | DOB 06-25-1965 | Business Address (Include City)  2550 Irving Street    San Francisco CA 94122 | Business Telephone (415) 682-3533 |

| Code / Name - Last, First, Middle (firm if business) | Residence Address (Include City) | Residence Telephone |
|---|---|---|
| | | |
| DL# | Race | Sex | DOB | Business Address (Include City) | Business Telephone |

| Code / Name - Last, First, Middle (firm if business) | Residence Address (Include City) | Residence Telephone |
|---|---|---|
| | | |
| DL# | Race | Sex | DOB | Business Address (Include City) | Business Telephone |

1  **SUMMARY:** RP Defilippo came to SMPD to request a report on the advice of an attorney for her
2  employer, the San Francisco Police Credit Union. Defilippo said she felt that a credit union member
3  had fraudulently obtained funds by misrepresenting his income, and an address, on a loan application.
4  Defilippo said her efforts to contact the member (since March 2007) have been unsuccessful. She had
5  consulted with the Credit Union's attorney, who told her to file a police report. Case suspended
6  pending further information.

7

8  **INVESTIGATION:** At about 1133, 06-05-07, I was dispatched to SMPD to contact "Debbie" regarding
9  a fraud which allegedly occurred at 1495 S. El Camino Real in San Mateo. When I arrived, I met with
10  RP Defilippo, who said she was the "VP of Asset and Recovery" for the San Francisco Police Credit
11  Union. I asked Defilippo what kind of a fraud she had come to SMPD to report.

| Item | Article | QTY | Brand | Model | ID # | Description | Value Per Item |
|---|---|---|---|---|---|---|---|
| T 1 | Monies | N/A | U.S. Gov't | N/A | N/A | Funds obtained by loan. | $24,635.86 |
| | | | | | | | $ |
| | | | | | | | $ |

| | Total Recovered $ | Total Damaged $ | Total Value $ | Total Value Is Unknown ☐ |
|---|---|---|---|---|
| | 0 | 0 | 24,635.86 | |

| Ref SMPD Rpt | | Reports to: | |
|---|---|---|---|
| | | INV | |
| O/S Rpt | Officer Follow-up | | JUN 0 5 2007 |
| Reporting Officer  M. Schlegel  06-05-07 | Badge #  60 | DOJ Entry    BOL    Initial Process | |
| Supervisor  332  6/5/07 | Date  06-05-07 | Scan Initial    Scan Date | |

The police officer writing this report
received Proposition 115 training ... has more than five years of ...

... police officer ...
received Proposition 115
or has more than five years ...
law enforcement experience

EXHIBIT B: SECOND SWORN DEPOSITION OF DEBBIE DI FILIPPO, DEPOSITION OF ONLY WITNESS IN CASE

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

| SAN MATEO POLICE DEPARTMENT NARRATIVE SUPPLEMENT | | Page | 1 | of | 7 | Report No. | 07-0605-010 |
|---|---|---|---|---|---|---|---|

| Code Violation | Date | Original Investigating Officer | Original Supplement   XX |
|---|---|---|---|
| 532(a) PC | 9-6-07 | Officer Schlegel #60 | |

1  *INVESTIGATION SERVICES SUPPLEMENTAL REPORT*

2  VICTIM:

3  San Francisco Police Credit Union

4  1495 S. El Camino Rl.

5  San Mateo, CA  94402

6  627-2100

7

8  SUSPECT:

9  William Stewart DOB 11-11-55

10  1461 Forrestal Ave.

11  San Jose, CA  95110

12  (408) 702-7677

13

14  WITNESS:

15  Karla Patty

16  1495 S. El Camino Rl.

17  San Mateo, CA  94402

18  627-2100

19

20  **INVESTIGATION:**

21  On 9-6-07 I sent a letter to Evelyn Fernandez, VP of San Francisco Police Credit Union and

22  I asked her and/or employee Karla Patty to respond to a series of follow up questions. The

23  following questions were answered by Patty.

24

| Ref SMPD Report: | | | O/S Report: | | | |
|---|---|---|---|---|---|---|
| Reporting Officer: Detective S. Miller | | Badge #: 131 | Reports to: DA (3) | | | OCT 2 6 2007 |
| Supervisor: | Badge #: 54 | Date: 10·26·07 | DOJ Entry: | BOL: | Initial Process: | |
| SMPD: CR2 (6/97) | | | Scan Initial: | | Scan Date: | |

07-0605-010

San Mateo Police Department
Narrative Supplement

| Code Section | Time | Date | Original Investigating Officer | Original ☒ |
|---|---|---|---|---|
| 487PC | 1130 | 06-05-07 | M. SCHLEGEL   #60 | Supplement ☐ |

12   She explained that the credit union had funded a $25,000.00 loan for a member, based on a

13   facsimile application being processed. Defilippo said since the loan was funded (granted) in

14   January 2007, only one payment had been made towards it. Defilippo went on to describe how

15   she had tried to track down the member, not been able to reach him by phone, and later learned

16   his work address (a P.O. Box) was at a mailbox/shipping store in the Westgate Mall in San Jose.

17

18   I contacted Sgt. Gonzales in Investigations and he met briefly with Defilippo, asking her some

19   questions about the circumstances surrounding the loan. Sgt. Gonzales said that the bureau

20   would take over the case once it had been forwarded to them.

21

22   Defilippo provided numerous photocopies of various documents, saying they had the originals of

23   most at the Credit Union offices. Those copies included a facsimile loan application and

24   photocopies of two CA driver licenses (see attachments). One was for the member who had

25   originally opened an account with them on 10-08-05, a male named William Stewart, and the

26   second was for a female named Rosalie Guancione, who he added to the account on 12-30-05.

27

28   Defilippo told me she could not show that the account holder who obtained the funds was the

29   person who actually completed and sent the facsimile application for the loan. Defilippo said that

30   the loan application process was begun on 01-16-07, and the loan officer who handled it was

31   Karla Patty in the San Mateo branch. Defilippo said the loan application was processed by

32   phone and facsimile, and to her knowledge, Patty did not meet with the member in person.

33

34   Defilippo went on to say that Patty apparently received a letter from the member applying for the

35   loan, stating what his income was. Defilippo also had a copy of what she said was a check stub

36   from the member, also purporting to show his income. Those copies reflected a facsimile number

37   of (408) 453-0530. Defilippo said that the loan was approved, and funded on 01-23-07, with the

38   funds being deposited to member William Stewart's account (see attached receipt copies).

| Ref SMPD Rpt | | Reports to INV | | |
|---|---|---|---|---|
| O/S Rpt | | | | |
| Reporting Officer M. Schlegel   06-05-07 | ID # 60 | DOJ Entry | BOL | Initial Process |
| Supervisor | Badge #   Date 06-05-07 | Scan Initial | Scan Date | |

investigating these crimes. I have assisted fellow officers in their investigations and have interviewed known offenders.

During the course of my assignment as detective, I have learned the following having read San Mateo Police Department report documented as case #07-0605-010, and through my investigation in this crime.

During the month of January 2007 the San Francisco Police Credit Union located at 1495 S. El Camino Rl., San Mateo, County of San Mateo processed a $25,000 loan via the internet for customer William Stewart. The loan was approved and Stewart obtained the $25,000 from the loan.

Stewart made one payment on the loan and since that payment he has made no other payments. As a result of Stewart not making his payments credit union employee, Deborah DeFilippo reviewed the loan documents. She tried to track down Stewart, but she was unable to reach him by telephone or letter. She went to his work address (Larkspur Consultants, Inc. 1600 Saratoga Ave. Suite 403-BX 223, San Jose, CA 95129) and learned it was a mailbox/shipping store in the Westgate Mall in San Jose. DeFilippo deducted that Stewart falsified his loan application by lying about his income and place of employment (violation of 532(a) PC Obtain money by false pretenses) since it appeared the company did not exist.

I spoke to San Francisco Police Credit Union Senior Vice President, Evelyn Fernandez. I asked Fernandez to tell me what effect the suspect's claimed income had on the granting of the loan and would the loan have been declined if Stewart was truthful about his income.

EXHIBIT C: Certified Copy of Business License for Larkspur indicating registration continuous since 1996

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

gbma01/gbmai          CITY OF SAN JOSE - BUSINESS LICENSE SYSTEM          gbm.
                    ACCO   ? CREATE/UPDATE SCREEN -   .RT 1

```
+--------------------------------------------------------------------------
|            . . . . . . . . . . . . Enter Property Address. . . . . . . . . . . . . . . . . . . . . . . . . . . .
|Street: LOS GATOS           Dir:        Number:15732  Type: BL   Suite: 410   |
|  City: LOS GATOS               State:CA    CALIFORNIA      Zip:
|  District : 99      150451 IS ASSIGNED TO THIS LOCATION
|                                                      Source :
|  Business Name :LARKSPUR                  Business Phone :000  ) 4360378|
|  Owner Name    :GENERAL INNOVATIONS WEST INC   Type of Owner :C
|  Property Owner:                           Housing Permit:000000
|  Nature of Bus :CONSULTING/WHOLESALE              SIC :7392
|  Start Date    :08/01/1996                       APN 00000000
|  FEIN #        :0        OR   Social Security Number 570585716       |
|  State Resale  :000099988611        County Health Permit :
|                                          Census Tract 0000.00
|  Is the applicant a licensed contractor? (Y or N):
|  State Contractor Lic# :000000  Type :      Expires :
|
|          Is this a Lead Account (Y/N)?      BIMS N.000000
|             TO ASSIGN A NEW ACCOUNT NO., ENTER Y:
+---------------------------------------------------------------------------
```

CTRL/R :Prev Scr | CTRL/L :General help | TAB/H :Field help | HOME/INSERT :L

The foregoing instrument is
a correct copy of the original      8/12/08
on file in this office.                    Date
Attest:
  Finance Department, Treasury Division
  City of San Jose
  County of Santa Clara, State of California
By _____
Title: _____

EXHIBIT D: CALIFORNIA SUPERIOR COURT, COUNTY OF SAN MATEO, OFFICIAL COURT TRANSCRIPT FOR DISMISSAL OF CRIMINAL CASE AGAINST DEFENDANT WILLIAM B. STEWART, III, THAT WAS BASED UPON PLAINTIFF'S FRAUDULENT TESTIMONY ("DISMISSED")

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

1        SUPERIOR COURTS, STATE OF CALIFORNIA

2           COUNTY OF SAN MATEO

3

4  THE PEOPLE OF THE       )      COPY
    STATE OF CALIFORNIA,    )

5                    )

6         PLAINTIFF,    )
                    )   CASE NO. NF372832A

7     VS.              )
                    )

8  WILLIAM BULLOCK STEWART,  )
                    )

9         DEFENDANT.   )
    _____ )

10

11      REPORTER'S TRANSCRIPT OF THE PROCEEDINGS

12      Before:  HON. LISA A. NOVAK, Judge

13        DEPARTMENT 13, COURTROOM N

14        Wednesday, April 16, 2008

15

16

17  A P P E A R A N C E S:

18  FOR THE PEOPLE:

19                 JAMES P. FOX, DISTRICT ATTORNEY
                 BY:  EVELINA BOZEK, Deputy D.A.

20                 1050 Mission Road
                 South San Francisco, CA  94080

21

22  FOR THE DEFENDANT:

23                 PRIVATE DEFENDER PROGRAM
                 BY:  PATRICK CONCANNON, Esquire

24                 333 Bradford Street, Suite 200
                 Redwood City, CA  94063

25

26  REPORTED BY:          KATHRYN LEZCHUK, CSR NO. 2302

1              P r o c e e d i n g s

2                                  South San Francisco, California

3  Afternoon Session              Wednesday, April 16, 2008

4                        ---oOo---

5          THE COURT:  Line 5, William Stewart.

6          MR. CONCANNON:  Patrick Concannon appearing for

7  and with Mr. Stewart.

8          MS. BOZEK:  Evelina Bozek for the People.

9      In this case, the People are dismissing.

10          THE COURT:  Any objection, Mr. Concannon?

11          MR. CONCANNON:  No, Your Honor.

12          THE COURT:  Basis for the dismissal?

13          MS. BOZEK:  Insufficient evidence, Your Honor.

14          THE COURT:  And that motion is granted.

15          MS. BOZEK:  Thank you.

16          MR. CONCANNON:  Thank you.

17              (Conclusion of proceedings.)

18                        ---oOo---

19

20

21

22

23

24

25

26

3

1              SUPERIOR COURTS, STATE OF CALIFORNIA

2                     COUNTY OF SAN MATEO

3

4   THE PEOPLE OF THE              )
    STATE OF CALIFORNIA,           )
5                                  )
                      Plaintiff,   )
6                                  )
         vs.                       )        NO. NF372832A
7                                  )
    WILLIAM BULLOCK STEWART,       )   Reporter's Certificate
8                                  )
                      Defendant.   )
                                   )
    _____ )

10

11  STATE OF CALIFORNIA  )

12  COUNTY OF SAN MATEO  )

13

14         I, Kathryn Lezchuk, Certified Shorthand Reporter

15  and Official Reporter of the Superior Court of the State of

16  California, County of San Mateo, do hereby certify that the

17  foregoing, pages 1 through 3, comprise a full, true and

18  correct computer-aided transcript of the proceedings held

19  in the matter of the above-entitled cause.

20         Dated this 11th day of July, 2008.

21

22

23

24  _____
    Kathryn M. Lezchuk, CSR #2302
25  Official Reporter, Superior Court

26

EXHIBIT E: LETTER FROM SCHEER LAW GROUP COLLECTION AGENCY REFUSING ON BEHALF OF THEMSELVES AND PLAINTIFF (ALLEGED CREDITOR) TO OBEY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

Cross-Complainant Mrs. Rosalie M. Stewart's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

**SPENCER P. SCHEER**
**JOSHUA L. SCHEER**
**AUSTIN D. GARNER**
**REILLY D. WILKINSON**
**JONATHAN SEIGEL**
**MICHAEL D. IMFELD••**

**••OF COUNSEL**

# SCHEER LAW GROUP, LLP
## ATTORNEYS AT LAW

155 N. REDWOOD DRIVE, SUITE 100
SAN RAFAEL, CALIFORNIA 94903
PHONE (415) 491-8900 • FAX (415) 491-8910
FIRST LETTER OF USER NAME AND ENTIRE LAST NAME
@SCHEERLAWGROUP.COM

*REPRESENTING SECURED*
*CREDITORS THROUGHOUT*
*CALIFORNIA*

July 1, 2008

William Stewart
1461 Forrestal Ave
San Jose, CA 95110

Re: *SF Police Credit Union v. William Bullock Stewart. III*
SLG File No. S.135-215S

Dear Mr. Stewart:

I am in receipt of your Verified Notice of Default & Demand For Discharge addressed to Michael Sordelli. Your Demand For Discharge is denied. In addition, your claim that my client and somehow in default is meritless. My client will continue to pursue the debt.

I once again request that you address all communication to me.

SINCERELY,

JONATHAN SEIGEL

SCHEER LAW GROUP, LLP