William B. Stewart, III
2094 El Camino Real #218
Santa Clara, CA 95050
Tel. (408)453-0530

Cross-Complainant, In Proper

RECEIVED

08 AUG 20 AM 8: 13

RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

FILED

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al | ) Case #C08 02996 RS ZJF |
| | ) SF Police CU v. Stewart |
| Petitioner | ) |
| | ) OPPOSITION TO |
| v. | ) MOTION TO DISMISS, |
| | ) DECLARATION OF |
| WILLIAM BULLOCK STEWART III, Et Al | ) WILLIAM B. STEWART, III |
| | ) |
| Respondent | ) DATE:     August 20, 2008 |
| | ) TIME:     9:30 AM |
| | PLACE:   Court Rm 4, 5th Floor |
| | TRIAL DATE:  not set |

Cross-Complainant William B. Stewart, III, is an interested party to this case. William B. Stewart, III, is seeking counsel to perform discovery, and asks the Court for a continuance of at least 60 days as provided in FRCP 56(f). The Court has discretion to extend the time period to which the Cross-Complainant must respond to Plaintiff's motion to dismiss and to continue hearing date for Plaintiff's motion.

Defendant Stewart is still within his 120 days to serve this case in accordance with rule 4 of both local and FRCP. The case was just removed to U.S. District Court on June 16, 2007. A postponement of the hearing on Plaintiff's motion to dismiss is appropriate and necessary because Defendant needs to have an opportunity to conduct discovery in order to develop evidence with which to oppose the motion.

Plaintiff filed the motion before Defendant had a chance to hire an attorney and send out written interrogatories or conduct other investigation.

## DISPUTED FACTS IN OPPOSITION TO MOTION

Cross-Complainant William B. Stewart, III, disputes all claimed facts of Plaintiff, plaintiff's collection agency and former attorney firm (who is believed to have suborned perjury of sole witness in case), and plaintiff's new counsel.

Further information will be presented from these pleadings, the court file, oral argument, and other materials presented at the hearing.

## REQUEST FOR SANCTIONS

Cross-Complainant William B. Stewart, III, requests sanctions be imposed upon Plaintiff and Plaintiff's attorney for filing this motion in bad faith and for purpose of delay. In support of this request, Cross-Complainant William B. Stewart, III, points out that Plaintiff must have realized that in not attaching any personal declaration, it would be highly unlikely for the Court to grant the motion to dismiss and further, that Plaintiff was relying upon Defendant's and Cross-Complainant's in pro per status to result in each of their inabilities to successfully oppose such a motion.

As background, Plaintiff's collection agency has already sought sanctions against the Defendant and a third party not a party to the Complaint, under dubious circumstances, relying on Defendant and Cross-complainants lack of legal representation.

Criminal charges against the Defendant were dismissed April 16, 2008, in California State Sup. Court in San Mateo County, for these same allegations by Plaintiff.

Cross-complainants request for Sanctions are now also based upon three separate Notices that were filed with the Court, and served upon Plaintiff's collection agency and former attorney. The Plaintiff and plaintiff's agents were notified prior to notification of new counsel for Plaintiff, regarding unavailability of counsel by several cross-complainants during the period that Plaintiff's motion to dismiss was filed. Plaintiff obviously was counting on taking Defendant and Cross-

Cross-Complainant William B. Stewart, III's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

complainants by surprise and unrepresented, after being noticed to not file motions during the period due to unavailability of counsel.

In considering sanctions against the Plaintiff, the court should consider that Cross-Complainant William B. Stewart, III, has spent 20 hours researching and preparing this opposition, and therefore requests sanctions of $1000. In addition, Cross-Complainant William B. Stewart, III, has incurred $200 in contracted costs of service for this opposition of motion to all interested parties, approximately 40 parties.

Cross-Complainant William B. Stewart, III, objects to Plaintiff's motion to dismiss on many and several grounds.

GROUND

Defendant removed this case to federal court based upon:
1. numerous federal civil rights violations caused directly by Plaintiff's employee and Plaintiff's collection agency, the Scheer Law Firm, and
2. violations of the Fair Debt Collections Act, Title 15 U.S.C. §1692c(c) and g, by the Plaintiff's collections agency, the Scheer Law Firm. The Scheer Law Firm, as a collection agency for Plaintiff, is required to abide by the Federal Fair Debt Collections Act, but never noticed Defendant with a 30 day notice of claimed debt, nor did they ever provide a verification and validation of the debt, as required by the law before any collection of the debt can be had. The Federal Act requires that this alleged debt be dismissed due to the three written requests by Defendant and alleged debtor to the creditor (Plaintiff) to verify and validate the debt. Plaintiff's collection agency, Scheer Law Firm, and Plaintiff (alleged creditor, SF Police Credit Union) in violation of federal law refuse to dismiss the debt and refuse to verify and validate the debt.

Definition per Black's Law Dictionary 6th Edition: *Verification means that the living person who signs the response must be competent to testify, must have a personal first hand knowledge, must make all statements under penalty of perjury under the laws of the United States of America, and must make statements that are true, correct, complete and not misleading.*

A review of the contents of the NOW DISMISSED criminal case file show that there is no living person who has a personal first hand knowledge (can "verify" as required by Title 15 U.S.C. §1692c(c) and g) that Defendant Stewart ever took out

a loan with the alleged creditor, and the alleged debt must under federal law be dismissed. Plaintiff refuses to dismiss the debt in violation of federal law, and as a result has stained the name and reputation of Defendant, Cross-Defendants with same surname or business association, and all associated businesses.

Plaintiff's perjured testimony was suborned by Plaintiff's attorney, as stated in deposition of Debbie Di Filippo. That action resulted in additional causes of action beyond the Fair Debt Collection Practices Act, for Defendant and Cross-Complainants against Plaintiff, Plaintiff's collection agency attorneys, and agents, employees and slaves of Plaintiff, and others.

The cross complaint case had two years to be brought from the time of injury or time of knowledge regarding the cause of the injury. Defendant and Cross-complainants would have filed even sooner than March 2008, but they were not provided discovery and were in the dark about what crimes Plaintiff, Plaintiff's employees and Plaintiff's representatives and agents had perpetrated against Defendant Stewart, all of which lead to violations of Defendant Stewart's and Cross-Complainant's civil rights and in violation of Title 15 USC §1692 the Federal Fair Debt Collection Practices Act and Title 18 USC Impeding Commerce.

Causes for removal to Federal Court include un-Constitutional 4th amendment search and seizure of my residence and place of living at 1461 Forrestal St, San Jose, CA 95110. Neither I nor anyone else ever gave permission for my house to be entered or searched by anyone.

The search of my residence on March 10, 2008, was based upon a police report made by Plaintiff's employee in June 2007, prior to the filing of a civil suit in July 31, 2007, by Plaintiff. The police report was based upon suborned perjured testimony, slander, negligent, malicious and abusive prosecution, by Debbie Di Filippo, Plaintiff's employee, and was the same false claim made in both the police report and the civil suit that has resulted in the many federal questions and violations of Defendant's United States Constitutionally based Civil Rights.

Attorney Seigel, in Plaintiff's law firm and collection agency, Scheer Law Group, seeks to conceal his firms' actions in violation of the Federal Anti-Racketeering Act, conspiring to defame all the Cross-complainants, suborning perjury of Plaintiff's employee Debbie Di Filippo, and other actions that actually caused the violations of Civil Rights and Federal Law that caused the cross complaint by having this case dismissed and the Plaintiff's case remanded to state Court. The

Cross-Complainant William B. Stewart, III's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

Scheer Law Group has now, in the opinion of many, crossed the line to criminality in order to conceal the true evidence and Scheer Law Group's involvement, to avoid accountability.

## DISPUTED FACTS IN OPPOSITION TO MOTION

Cross-Complainant William B. Stewart, III, disputes all claimed facts of Plaintiff, plaintiff's collection agency and former attorney firm (who is believed to have suborned perjury of sole witness in case), and plaintiff's new counsel.

Further information will be presented from these pleadings, the court file, oral argument, and other materials presented at the hearing.

## REQUEST FOR SANCTIONS

Cross-Complainant William B. Stewart, III, requests sanctions be imposed upon Plaintiff and Plaintiff's attorney for filing this motion in bad faith and for purpose of delay. In support of this request, Cross-Complainant William B. Stewart, III, points out that Plaintiff must have realized that in attaching no declarations whatsoever, it would be highly unlikely for the Court to grant the motion to dismiss and further, that Plaintiff was relying upon Defendant's and Cross-Complainant's in pro per status to result in each of their inabilities to successfully oppose such a motion.

Cross-complainants request for Sanctions are now also based upon three separate Notices that were filed with the Court, and served upon Plaintiff's collection agency and former attorney prior to notification of new counsel for Plaintiff, regarding unavailability of counsel by several cross-complainants during the period that this motion was filed.

In considering sanctions against the Plaintiff, the court should consider that Cross-Complainant William B. Stewart, III, has spent 15 hours researching and preparing this opposition, and therefore requests sanctions of $750. In addition, Cross-Complainant William B. Stewart, III, has incurred $200 in contracted costs of service for this opposition of motion to all interested parties, approximately 40 parties.

## Federal Issues In This Case

1. List of Cross Defendants includes corporations that are registered in other states: Nevada, a federal corporation registered in Washington DC, and a corporation registered outside the United States of America in the British Commonwealth (Federation of St. Kitts & Nevis, West Indies).

2. Violation of my 4th Amendment Constitutional Civil Right to freedom from search and seizure without warrant specifying my address in a judge signed warrant for search and seizure that also specifies what is to be searched and what is to be seized at my specific property address. The search was performed without warrant and based upon fraudulent testimony of Plaintiff's police report on June 2007.

3. Violation of Title 15 U.S.C. section 1692 by a collection agency called Scheer Law Firm, who asked, urged and advised a credit union employee to commit perjury for falsely claiming that a company did not exist when she knew nothing of the kind, in order to make false claims of fraud against Defendant. The company lied about has existed for over 12 years as a licensed entity with many contract consultant employees.

4. Violation of Title 18 U.S.C. Impeding Commerce in Hawaii and in Washington DC.

5. Violations in 2 and 3, above, were the direct cause of negligent and abusive slander, and lies to law enforcement and in court filings, which caused various violations of civil rights against Defendant William Stewart, III, and two of his housemates for over a year, although violations 2 and 3 only became known after filing and removing the case to U.S. District Court, as Plaintiff and Plaintiff's collection agency conspired to conceal this and all other discovery from defendant and cross-complainants. Remand back to state court will continue to prevent, impede and thwart necessary discovery in this case.

Dated: August 18, 2008

William B. Stewart, III



[Signature]

Cross-Complainant William B. Stewart, III's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

William B. Stewart, III
2094 El Camino Real #218
Santa Clara, CA 95050
Tel. (408)453-0530


Cross-Complainant, In Proper

## UNITED STATES DISTRICT COURT
### Northern District of California
### San Jose Division
### 280 So First Street #3035
### San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al | ) Case #C08 02996 RS / JF |
| | ) |
| Petitioner | ) SF Police CU v. Stewart |
| | ) |
| v. | ) PROPOSED ORDER TO |
| | ) CONTINUE |
| WILLIAM BULLOCK STEWART III, Et Al | ) MOTION TO DISMISS |
| | ) |
| Respondent | ) |
| | ) |

## ORDER CONTINUING MOTION TO DISMISS

Plaintiff's attorney filed a Motion to Dismiss the Cross-Complaint case from U.S. District Court.

Defendant's answer, counter complaint and cross complaint are based upon:

1. Federal questions involving both civil rights issues, Title 15 U.S.C. § 1692g, Title 18 USC Impeding Commerce and Violations of RICO statute, are issues heard by this Court and within the Jurisdiction of this Court. Plaintiff, Plaintiff's employees, agents, and others acting upon Plaintiff's behest may have involved one or more of these issues, as alleged by Defendant and Cross-Complainants.

2. Cross-Complainants who are corporate entities that are located in jurisdictions outside the state of California, in Nevada, another being a

federal entity in the District of Columbia, a third outside the United States of America.

Defendant has requested a continuance under FRCP 56(f) for not less than 60 days, as he was caught unaware for several reasons including an address error.

**GOOD CAUSE HAVING BEEN SHOWN**, The Court finds that:
That there is justification under FRCP rule 56(f) to to continue the hearing on this motion until _____.

**IT IS ORDERED THAT**:


**ORDER CONTINUING MOTION FOR DISMISSAL**

The Clerk is directed to transmit copies of this Order to:
counsel of record for Plaintiff, Defendant, and other interested parties.

DATED: _____  _____, 2008.



HONORABLE Jeremy Fogel
UNITED STATES DISTRICT
MAGISTRATE JUDGE

Cross-Complainant William B. Stewart, III's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

William B. Stewart, III
2094 El Camino Real #218
Santa Clara, CA 95050
Tel.  (408)453-0530

Cross-Complainant, In Proper

## UNITED STATES DISTRICT COURT
### Northern District of California
### San Jose Division
### 280 So First Street #3035
### San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al | ) Case #C08 02996 RS / JF |
| Petitioner | ) SF Police CU v. Stewart |
| v. | ) PROPOSED ORDER ON ) MOTION TO DISMISS, |
| WILLIAM BULLOCK STEWART III, Et Al | ) |
| Respondent | ) |

## ORDER DENYING MOTION TO DISMISS

Plaintiff's attorney filed a Motion to Dismiss the case from U.S. District Court. Defendant's answer, counter complaint and cross complaint are based upon:

1. Federal questions involving both civil rights issues, Title 15 U.S.C. § 1692g, Title 18 USC Impeding Commerce and Violations of RICO statute, are issues heard by this Court and within the Jurisdiction of this Court. Plaintiff, Plaintiff's employees, agents, and others acting upon Plaintiff's behest may have involved one or more of these issues, as alleged by Defendant and Cross-Complainants.

2. Cross-Complainants who are corporate entities that are located in jurisdictions outside the state of California, in Nevada, another being a federal entity in the District of Columbia, a third outside the United States of America.

Cross-Complainant William B. Stewart, III's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

**GOOD CAUSE HAVING BEEN SHOWN,** The Court finds that:
That there are sufficient federal questions and justifications to retain the case, including the counter complaints and cross complaints within the Federal Court jurisdiction.

The Court **DENIES** the Plaintiff's motion for dismissal, and
**IT IS ORDERED THAT**:


**ORDER DENYING MOTION FOR DISMISSAL**

The Clerk is directed to transmit copies of this Order to:
counsel of record for Plaintiff, Defendant, and other interested parties.

DATED: _____   _____, 2008.




_____
HONORABLE Jeremy Fogel
UNITED STATES DISTRICT
MAGISTRATE JUDGE

Cross-Complainant William B. Stewart, III's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

# DECLARATION OF WILLIAM B. STEWART, III

I, William B. Stewart, III, declare:

1. I am a cross-complainant in the above-entitled action.
2. I am also an employee of the Defendant's employer, Larkspur, who Plaintiff's complaint states does not exist, both counts 2 and 3 of Plaintiff's complaint, and on that basis alone Plaintiff claims damages in those two counts.
3. I hold the position of Chancellor, on a consulting basis through Larkspur, to the non-profit Stewart University of America, a Washington DC based corporation that is a 501(c)(3) educational institution.
4. There are now, and have been continuously employed, approximately 16 faculty members with earned doctorate degrees working through Larkspur to Stewart University of America as faculty members in the basic life sciences. Their earned doctorate degrees are in medicine, veterinary medicine, podiatric medicine, and various medical sciences.
5. The Plaintiff in this case used abuse of process in both the criminal and civil arena to file their frivolous claim based upon a lie that Larkspur did not exist.
6. Twelve years of continuous business licenses issued from the City of San Jose show that Larkspur does and has existed, which were accepted by the Superior Court of California, County of San Mateo, as sufficient proof in the criminal case that Plaintiff's claims were false and unsubstantiable.
7. Plaintiff's employees and agents knowingly made false claims that directly resulted in various events being set into motion that violated my and several other Cross-Complainants civil rights. That is why this case involves Federal Issues of Violations of Civil Rights, invasion of Privacy, invasion of telephone records, stalking, Search & Seizure of a home without warrant, false testimony, false arrest, illegal detainment, assault & battery, denial of due process, denial of habeas corpus, cruel and unusual punishment, denial of fair bail, attempts to coerce a confession to false criminal charges through false imprisonment.
8. My personal privacy was violated over a year of stalking and defamation because Plaintiff's employees and agents knowingly made false claims that directly resulted in various events being set into motion.

Cross-Complainant William B. Stewart, III's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 RS / JF

9. Plaintiff's frivolous claims and lies have damaged the reputations for many good people and many businesses.

10. My home was invaded without warrant, under color of law, because of the known falsehoods stated to the San Mateo Police by Plaintiff's employees and agents. I deserve to be justly compensated for this violation of my Constitutional Rights.

11. We believe that the plaintiff and plaintiff's collection agency Scheer Law Group and their employees, agents and slaves have operated a slanderous smear campaign in order to create a sense of larceny or fraud, because the Plaintiffs have no case, and no direct witness to any wrong doing.

12. Two corporations involved in this case are based outside the state of California and justify Federal Jurisdiction of this Cross-Complaint case. Royal House of Stewart Corporation, Inc., is based in the British Commonwealth Federation of St. Kitts and Nevis, and Stewart University of America is based in Washington DC.

13. The court has discretion to accept documents submitted in the case as they see fit, under FRCP, and I ask the court to accept this opposition to motion to dismiss, though it may not be filed timely. We are in the process of hiring an attorney.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 18, 2008, in Santa Clara County, CA.

William B. Stewart, III

[Signature]

RECEIVED
08 AUG 20 AM 8: 13
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.