Saul Amezcua, Jr.
15732 Los Gatos Blvd.
Los Gatos, CA 95032
Tel. (408)453-5446

Cross-Complainant, In Proper

FILED

2008 AUG 26  P 3: 58

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al<br>               Petitioner<br>v.<br>WILLIAM BULLOCK STEWART III, Et Al<br>               Respondent | Case #C08 02996 JF<br>SF Police CU v. Stewart<br><br>OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS,<br>DECLARATION OF SAUL AMEZCUA, JR.,<br>PROPOSED ORDER TO DENY PLAINTIFF'S MOTION TO DISMISS,<br>SECOND PROPOSED ORDER TO CONTINUE PLAINTIFF'S MOTION TO DISMISS<br><br>DATE:   OFF CALENDAR<br>TRIAL DATE:  not set |

Cross-Complainant Saul Amezcua, Jr., is an interested party to this case. Saul Amezcua, Jr., is seeking counsel to perform discovery, and asks the Court for a continuance of at least 60 days as provided in FRCP 56(f). The Court has discretion to extend the time period to which the Cross-Complainant must respond to Plaintiff's motion to dismiss and to continue hearing date for Plaintiff's motion.

Cross Complainant Saul Amezcua, Jr., was never served in this motion to dismiss and was caught unaware.

A postponement of the hearing on Plaintiff's motion to dismiss is appropriate and necessary because Defendant and other Cross-Complainants need to have an opportunity to conduct discovery in order to develop evidence with which to oppose the motion. Plaintiff filed the motion before Defendant and other Cross-Complainants had a chance to hire an attorney and send out written interrogatories or conduct other investigation.

## DISPUTED FACTS IN OPPOSITION TO MOTION

Cross-Complainant Saul Amezcua, Jr., disputes all claimed facts of Plaintiff, plaintiff's collection agency and former attorney firm (who is believed to have suborned perjury of sole witness in case), and plaintiff's new counsel.

Further information will be presented from these pleadings, the court file, oral argument, and other materials presented at the hearing.

## GROUND

Defendant removed this case to federal court based upon:
1. numerous federal civil rights violations caused directly by Plaintiff's employee and Plaintiff's collection agency, the Scheer Law Firm, and
2. violations of the Fair Debt Collections Act, Title 15 U.S.C. §1692c(c) and g, by the Plaintiff's collections agency, the Scheer Law Firm. The Scheer Law Firm, as a collection agency for Plaintiff, is required to abide by the Federal Fair Debt Collections Act, but never noticed Defendant with a 30 day notice of claimed debt, nor did they ever provide a verification and validation of the debt, as required by the law before any collection of the debt can be had. The Federal Act requires that this alleged debt be dismissed due to the three written requests by Defendant and alleged debtor to the creditor (Plaintiff) to verify and validate the debt. Plaintiff's collection agency, Scheer Law Firm, and Plaintiff (alleged creditor, SF Police Credit Union) in violation of federal law refuse to dismiss the debt and refuse to verify and validate the debt.

Definition per Black's Law Dictionary 6th Edition: *Verification means that the living person who signs the response must be competent to testify, must have a personal first hand knowledge, must make all statements under penalty of perjury under the laws of the United States of America, and must make statements that are true, correct, complete and not misleading.*

A review of the contents of the NOW DISMISSED criminal case file show that there is no living person who has a personal first hand knowledge (can "verify" as required by Title 15 U.S.C. §1692c(c) and g) that Defendant Stewart ever took out a loan with the alleged creditor, and the alleged debt must under federal law be dismissed. Plaintiff refuses to dismiss the debt in violation of federal law, and as a result has stained the name and reputation of Defendant, Cross-Defendants with same surname or business association, and all associated businesses.

Plaintiff's perjured testimony was suborned by Plaintiff's attorney, as stated in deposition of Debbie Di Filippo. That action resulted in additional causes of action beyond the Fair Debt Collection Practices Act, for Defendant and Cross-Complainants against Plaintiff, Plaintiff's collection agency attorneys, and agents, employees and slaves of Plaintiff, and others.

The cross complaint case had two years to be brought from the time of injury or time of knowledge regarding the cause of the injury. Defendant and Cross-complainants would have filed even sooner than March 2008, but they were not provided discovery and were in the dark about what crimes Plaintiff, Plaintiff's employees and Plaintiff's representatives and agents had perpetrated against Defendant Stewart, all of which lead to violations of Defendant Stewart's and Cross-Complainant's civil rights and in violation of Title 15 USC §1692 the Federal Fair Debt Collection Practices Act and Title 18 USC Impeding Commerce.

Causes for removal to Federal Court include un-Constitutional 4th amendment search and seizure of my personal property at 1461 Forrestal St, San Jose, CA 95110, of which I am the registered owner with the County Clerk, Santa Clara County. I never gave permission for my house to be entered or searched by anyone, and no one asked me for that permission either.

The search of my house on March 10, 2008, was based upon a police report made by Plaintiff's employee in June 2007, prior to the filing of a civil suit by Plaintiff. The police report was based upon suborned perjured testimony, slander, negligent, malicious and abusive prosecution, by Debbie Di Filippo, Plaintiff's employee.

Attorney Seigel, in Plaintiff's law firm and collection agency, Scheer Law Group, seeks to conceal his firms' actions in violation of the Federal Anti-Racketeering Act, conspiring to defame all the Cross-complainants, suborning perjury of Plaintiff's employee Debbie Di Filippo, and other actions that actually caused the

signed warrant for search and seizure that also specifies what is to be searched and what is to be seized at 1461 Forrestal Ave specific property address. The search was performed based upon fraudulent testimony of Plaintiff's police report on June 2007.

3. Violation of Title 15 U.S.C. section 1692 by a collection agency called Scheer Law Firm, who asked, urged and advised a credit union employee to commit perjury for falsely claiming that a company did not exist when she knew nothing of the kind, in order to make false claims of fraud against Defendant. The company lied about has existed for over 12 years as a licensed entity, with many contract consultant employees.
4. Violation of Title 18 U.S.C. Impeding Commerce in Hawaii and in Washington DC.
5. Violations in 2 and 3, above, were the direct cause of negligent and abusive slander, and lies to law enforcement and in court filings, which caused various violations of civil rights against Defendant William Stewart, III, and two of his housemates for over a year, although violations 2 and 3 only became known after filing and removing the case to U.S. District Court, as Plaintiff and Plaintiff's collection agency conspired to conceal this and all other discovery from defendant and cross-complainants. Remand back to state court will continue to prevent, impede and thwart necessary discovery in this case.

Dated: August 25th, 2008

                                                    Saul Amezcua, Jr.

                                                    [Signature]

violations of Civil Rights and Federal Law that caused the cross complaint by having this case dismissed and the Plaintiff's case remanded to state Court. The Scheer Law Group has now, in the opinion of many, crossed the line to criminality in order to conceal the true evidence and Scheer Law Group's involvement, to avoid accountability.

## REQUEST FOR SANCTIONS

Cross-Complainant Saul Amezcua, Jr., requests sanctions be imposed upon Plaintiff and Plaintiff's attorney for filing this motion in bad faith and for purpose of delay. In support of this request, Cross-Complainant Saul Amezcua, Jr., points out that Plaintiff and Plaintiff's attorney firm must have realized that in attaching no declarations whatsoever, it would be highly unlikely for the Court to grant the motion to dismiss and further, that Plaintiff was relying upon Defendant's and Cross-Complainant's in pro per status to result in each of their inabilities to successfully oppose such a motion.

Cross-complainants request for Sanctions are now also based upon three separate Notices that were filed with the Court, and served upon Plaintiff's collection agency and former attorney prior to notification of new counsel for Plaintiff, regarding unavailability of counsel by several cross-complainants during the period that this motion was filed.

In considering sanctions against the Plaintiff, the court should consider that Cross-Complainant Saul Amezcua, Jr., has spent 15 hours researching and preparing this opposition, and therefore requests sanctions of $750. In addition, Cross-Complainant Saul Amezcua, Jr., has incurred $200 in contracted costs of service for this opposition of motion to all interested parties, approximately 40 parties.

### Federal Issues In This Case

1. List of Cross Defendants includes corporations that are registered in other states: Nevada, a federal corporation registered in Washington DC, and a corporation registered outside the United States of America in the British Commonwealth (Federation of St. Kitts & Nevis, West Indies).
2. Violation of my 4th Amendment Constitutional Civil Right to freedom from search and seizure without warrant specifying my address in a judge signed warrant for search and seizure that also specifies what is to be searched and

Saul Amezcua, Jr.
15732 Los Gatos Blvd.
Los Gatos, CA 95032
Tel. (408)453-5446

Cross-Complainant, In Proper

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, Et Al<br><br>Petitioner<br><br>v.<br><br>WILLIAM BULLOCK STEWART III, Et Al<br><br>Respondent | Case #C08 02996 JF<br><br>SF Police CU v. Stewart<br><br>CROSS-COMPLAINANT AMEZCUA'S PROPOSED ORDER TO CONTINUE PLAINTIFF'S MOTION TO DISMISS |

**ORDER CONTINUING MOTION TO DISMISS**

Plaintiff's attorney filed a Motion to Dismiss the Cross-Complaint case from U.S. District Court.
Defendant's answer, counter complaint and cross complaint are based upon:
1. Federal questions involving both civil rights issues, Title 15 U.S.C. § 1692g, Title 18 USC Impeding Commerce and Violations of RICO statute, are issues heard by this Court and within the Jurisdiction of this Court. Plaintiff, Plaintiff's employees, agents, and others acting upon Plaintiff's behest may have involved one or more of these issues, as alleged by Defendant and Cross-Complainants.
2. Cross-Complainants who are corporate entities that are located in jurisdictions outside the state of California, in Nevada, another being a

Page 6 of 11
Cross-Complainant Saul Amezcua, Jr's, Request for Continuance and Opposition to Plaintiff's Motion to Dismiss, SF Police Credit Union v. Stewart, US District Ct., Northern District of California, San Jose Div., Case #C08 02996 JF

federal entity in the District of Columbia, a third outside the United States of America.

Defendant and Cross-Complainants have requested a continuance under FRCP 56(f) for not less than 60 days, as he was caught unaware for several reasons including an address error for defendant and lack of service on several cross-complainants as interested parties.

**GOOD CAUSE HAVING BEEN SHOWN**, The Court finds that:
That there is justification under FRCP rule 56(f) to to continue the hearing on this motion until _____.

**IT IS ORDERED THAT**:


**ORDER CONTINUING MOTION FOR DISMISSAL**

The Clerk is directed to transmit copies of this Order to:
counsel of record for Plaintiff, Defendant, and other interested parties.

DATED: _____ _____, 2008.


                                              HONORABLE JEREMY FOGEL
                                              UNITED STATES DISTRICT JUDGE
                                              NORTHERN DISTRICT OF
                                              CALIFORNIA

Saul Amezcua, Jr.
15732 Los Gatos Blvd.
Los Gatos, CA 95032
Tel. (408)453-5446

Cross-Complainant, In Proper

UNITED STATES DISTRICT COURT
Northern District of California
San Jose Division
280 So First Street #3035
San Jose, CA 95113-3099

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, ) | Case #C08 02996 JF |
| Et Al ) | |
| Petitioner ) | SF Police CU v. Stewart |
| ) | |
| v. ) | CROSS-COMPLAINANT |
| ) | SAUL AMEZCUA'S |
| WILLIAM BULLOCK STEWART III, ) | PROPOSED ORDER TO DENY |
| Et Al ) | PLAINTIFF'S MOTION TO |
| Respondent ) | DISMISS |
| ) | |

### ORDER DENYING MOTION TO DISMISS

Plaintiff's attorney filed a Motion to Dismiss the case from U.S. District Court. Defendant's answer, counter complaint and cross complaint are based upon:

3. Federal questions involving both civil rights issues, Title 15 U.S.C. § 1692g, Title 18 USC Impeding Commerce and Violations of RICO statute, are issues heard by this Court and within the Jurisdiction of this Court. Plaintiff, Plaintiff's employees, agents, and others acting upon Plaintiff's behest may have involved one or more of these issues, as alleged by Defendant and Cross-Complainants.
4. Cross-Complainants who are corporate entities that are located in jurisdictions outside the state of California, in Nevada, another being a federal entity in the District of Columbia, a third outside the United States of America.

**GOOD CAUSE HAVING BEEN SHOWN**, The Court finds that:
That there are sufficient federal questions and justifications to retain the case, including the counter complaints and cross complaints within the Federal Court jurisdiction.

The Court **DENIES** the Plaintiff's motion for dismissal, and
**IT IS ORDERED THAT**:


**ORDER DENYING MOTION FOR DISMISSAL**

The Clerk is directed to transmit copies of this Order to:
counsel of record for Plaintiff, Defendant, and other interested parties.

DATED: _____ _____, 2008.


                              HONORABLE JEREMY FOGEL
                              UNITED STATES DISTRICT JUDGE
                              NORTHERN DISTRICT OF
                              CALIFORNIA

# DECLARATION OF SAUL AMEZCUA, JR.

I, Saul Amezcua, Jr., declare:

1. I am a cross-complainant in the above-entitled action.
2. I am also the vice-chairman of the board of Stewart University of America.
3. In my position of vice chairman of the board of directors, which is a voluntary position currently to the non-profit, I supervise the Larkspur consultants employed as faculty for the University. In other words, the people with earned doctorate degrees that work for the company that Plaintiff's complaint states does not exist, in both counts 2 and 3 of Plaintiff's complaint, and on that basis alone Plaintiff claims fraud and damages in those two counts.
4. I participate in the board meetings of the non-profit, and know the names of all the faculty of the non-profit Stewart University of America, a Washington DC based corporation that is a 501(c)(3) educational institution.
5. There are now, and have been continuously employed, approximately 16 faculty members with earned doctorate degrees and staff working through Larkspur to Stewart University of America as faculty members in the basic life sciences. Their earned doctorate degrees are in medicine, veterinary medicine, podiatric medicine, and various medical sciences.
6. The Plaintiff in this case used abuse of process in both the criminal and civil arena to file their frivolous claim based upon a lie, by stating that Larkspur did not exist.
7. Twelve years of continuous business licenses issued from the City of San Jose show that Larkspur does and has existed.
8. Plaintiff's employees and agents knowingly made false claims that directly resulted in various events being set into motion that violated the school chancellor's civil and U.S. Constitutional Rights, William B. Stewart, III's, and several other Cross-Complainants civil rights. That is why this case involves Federal Issues of Violations of Civil Rights, invasion of Privacy, invasion of telephone records, stalking, Search & Seizure of a home without warrant, false testimony, false arrest, illegal detainment, assault & battery, denial of due process, denial of habeas corpus, cruel and unusual punishment, denial of fair bail, attempts to coerce a confession to false criminal charges through false imprisonment.
9. Plaintiff's frivolous claims and lies have damaged the reputations for many good people and many businesses.

10. A series of events instigated by Plaintiff directly, or through their many sabotaging acts, have resulted in business losses in the state of Hawaii alone estimated at $31.5 million/year to non-profit Stewart University of America.
11. We believe that the plaintiff and plaintiff's collection agency Scheer Law Group and their employees, agents and slaves have operated a slanderous smear campaign in order to create a sense of larceny or fraud, because the Plaintiffs have no case, and no direct witness to any wrong doing.
12. This on-going defamation, abuse of process, malicious lying by plaintiff's employees and plaintiff's collection agency and attorney firm must be punished and held to account by the U.S. District Court and by our cross-complaint, as it is clear that the state courts will not protect the Civil Rights of the members of our group against these Plaintiff's and those acting as their agents or employees who have violated our civil rights in the most egregious ways for over a year. We have only found out the gross extent of their actions after removing the case to Federal Court, or we would have removed our case sooner.
13. I have a personal interest in management in a corporation that Plaintiff has caused losses to, through (a) direct – through overt slander/defamation, (b) behind the scenes – communications believed to involve slanderous innuendo and unsubstantiated allegations and (c) consequential means - from the domino effect of the other two means.
14. Two of the corporations that I speak of are based outside the state of California and justify Federal Jurisdiction of this Cross-Complaint case. The Royal House of Stewart Corporation, Inc., is based in the British Commonwealth Federation of St. Kitts and Nevis, and the non-profit Stewart University of America is based in Washington DC.
15. We are in the process of hiring an attorney to represent our interests and the interests of several out of state Corporations and to perform discovery in this case during the requested period of continuance under FRCP 56(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 25th, 2008, in San Bernardino County, CA.

Saul Amezcua, Jr.

_____
[Signature]