* E-filed: 10/31/08*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SAN FRANCISCO POLICE CREDIT UNION, | Case No. C 08-2996 JF (RS) |
| Plaintiff, | ORDER[1] GRANTING PLAINTIFF'S MOTION FOR REMAND |
| v. | [Re: docket no. 25, 41] |
| WILLIAM BULLOCK STEWART III, and DOES 1-50, inclusive | |
| Defendant. | |

    On July 31, 2007, Plaintiff San Francisco Police Credit Union ("SFPCU") filed the

instant action in the Santa Clara Superior Court, asserting claims against Defendant William

Bullock Stewart III ("Stewart") for breach of contract, monies had and received, and fraud.

Stewart removed the action to this Court on June 17, 2008.  SFPCU moves to remand the action

---

    [1] This disposition is not designated for publication in the official reports.

on the basis that the Notice of Removal was procedurally defective and for lack of subject matter jurisdiction.  SFPCU also moves to dismiss Stewart's counterclaims for failure to state a claim upon which relief may be granted, or in the alternative, for an order requiring a more definite statement.  The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on October 10, 2008. For the reasons set forth below, the motion for remand will be granted, and the motion to dismiss will be terminated as moot.

**I.  BACKGROUND**

On January 23, 2007, SFPCU loaned Stewart $25,000.  To obtain the loan, Stewart represented that he was employed by Larkspur Consultants, Inc., that he had earned more than $152,000 in 2006, and that he planned to use the loan funds to purchase stocks.  After making one partial payment, Stewart defaulted on the loan in March of 2007.

SFPCU discovered that Stewart's alleged employer did not exist.  When Stewart was confronted, he claimed that he worked for an organization named Larkspur.  SFPCU alleges that after thorough investigation of Larkspur, there was nothing to indicate that the company had been actively engaged in business or that it was sufficiently active to pay any employee $152,000. SFPCU also discovered that Stewart had used the loan money to fund his business, "Stewart University of America," rather than to purchase stocks.

On July 31, 2007, SFPCU filed the instant action in the Santa Clara Superior Court (the "Collections/Fraud Action") for (1) breach of contract based upon Stewart's failure to make loan payments, (2) the unpaid amount of the loan with interest, and (3) fraud, based on Stewart's allegedly false representations to induce SFPCU to loan him the money.  On November 26, 2007, SFPCU filed and served the Second Amended Complaint (SAC).  The superior court set the case for trial on July 14, 2008.

While the instant action was pending in the state court, Stewart failed to provide discovery responses with respect to his employment, and SFPCU filed a motion to compel. On April 25, 2008, the state court granted the motion and imposed sanctions on Stewart in the amount of $1,235.  SFPCU then subpoenaed documents directly from Stewart's alleged employer, but the employer also failed to comply.  SFPCU again filed a motion to compel, and

2

1    on June 13, 2008, the state court granted the motion and imposed additional sanctions on

2    Stewart.  On June 17, 2008, less than one month before trial was set to begin in state court,

3    Stewart removed the action to this Court.

4        In the Notice of Removal, Stewart alleged that SFPCU provided a report to the San

5    Mateo Police with respect to his alleged loan fraud. Stewart Removal ¶ 3(c). He also claimed that

6    based on SFPCU's allegations, he was "stalked, wiretapped, slandered, and libeled" by San

7    Mateo Police Officers acting as collections agents.  Stewart Removal ¶ 3(b). He asserted that the

8    San Mateo Police provided fraudulent testimony to obtain an arrest warrant and an excessive bail

9    amount of $100,000. Stewart Removal ¶ 3(c).  Finally, he alleged that San Mateo Police

10   unlawfully invaded his home without presenting a warrant, and that he was incarcerated for

11   approximately twelve days and was denied his fundamental rights.  Stewart Removal ¶¶ 3(c), (d),

12   (f).

13       Stewart alleged that all copies of the state court proceedings were attached to the Notice

14   and that the case was in the discovery phase.  SFPCU asserts that in fact much of the state court

15   file was missing, including the SAC, Stewart's answer thereto, discovery orders, and the trial-

16   setting order.  Decl. Of Jonathan Seigel in Supp. of Mot. to Remand ("Seigel Decl.") ¶ 12.

17   Moreover, SFPCU asserts that Stewart fraudulently attached a document entitled "First Amended

18   Answer to Unverified Second Amended Complaint,"and presented that document as though it

19   had been filed in state court.  Seigel Decl. ¶ 12.  The document was not filed in state court, and

20   Stewart did not obtain leave to file it in this Court.  SFPCU asserts that discovery had closed

21   prior to removal.  Seigel Decl. ¶ 13.

22       On June 23, 2008, Stewart and thirteen other defendants, including family members and

23   entities with business ties to Stewart, filed a "Counter Claim Cross Complaint" ("Counterclaim")

24   in the instant action.  The Counterclaim asserts civil rights violations in connection with

25   Stewart's alleged false arrest against SFPCU and forty-seven other counter defendants, including

26   a state court judge, the San Mateo and San Jose Police Departments, the Counties of Santa Clara

27

28

3

1   and San Mateo, and various other police departments, officers, and councilpersons.[2]  On October

2   8, 2008, Stewart represented that he retained counsel to represent him in the instant action.

## II. MOTION TO REMAND

4           The Federal Rules of Civil Procedure mandate that a defendant seeking to remove

5   a civil action from a state court must provide "a short and plain statement of the grounds for

6   removal, together with a copy of all process, pleadings, and orders served upon such defendant"

7   in the action.  28 U.S.C. § 1446(a).  Additionally, "the notice of removal of a civil action . . .

8   shall be filed within thirty days after the *receipt* by the defendant, through service or otherwise,

9   of a copy of the initial pleading setting forth the claim for relief upon which action is based . . . or

10  if the case stated by the original pleading is not removable, within thirty days after receipt of an

11  amended pleading from which it may be ascertained that the case is removable." 28 U.S.C. §

12  1446 (b) (emphasis added).  Unless a subsequent, amended complaint raises additional claims for

13  relief, the original complaint triggers the time for removal. *See id.*  The statute is to be narrowly

14  construed. *United States ex rel Walker v. Gunn*, 511 F.2d 1024 (9th Cir. 1975); *see California v.*

15  *Banks,* 1996 U.S. Dist. LEXIS 5939, *5 (C.D. Cal.1996).

16          SFPCU filed its initial complaint on July 31, 2007 and filed the SAC on November 26,

17  2007.  Stewart did not remove this case until June 17, 2000, more than eleven months after

18  receiving the initial complaint and more than six months after receiving the SAC.  Stewart

19  alleges that SFPCU did not serve the SAC properly because copies of the summons and

20  complaint "were thrown on [his] porch."  Stewart Removal ¶ 2.  However, as SFPCU does not

21  allege additional causes of action against Stewart in the SAC, the time for removal ran from the

22  filing of the original complaint on July 31, 2007.  The removal thus is untimely.  Even if the SAC

23  was the pleading that triggered the time for removal, the federal rules require only the

24  defendant's "receipt" of the initial pleading, not personal service thereof, in order to trigger the

---

[2] Stewart and two additional plaintiffs had filed a separate action in this Court on April 24, 2008, while the instant action was pending in state court.  (Case No. C-08-2143) ("the Civil Rights Action"). Stewart asserted claims against SFPCU and thirty-four other defendants in the Civil Rights Action, alleging violations similar to those he asserts in in his Counterclaim. On June 26, 2008, this Court dismissed the Civil Rights Action.

4

1    thirty-day removal period.  Accordingly, the removal was untimely.[3]

2        Because the removal was untimely, the Court need not reach the issue of subject matter

3    jurisdiction.  However, the Court notes that because both of the original parties to the action are

4    residents of California, diversity jurisdiction does not exist.  *See Munoz v. Small Business*

5    *Admin.,* 644 F.2d 1361, 1365 (9th Cir. 1981) ("Diversity jurisdiction requires that the plaintiffs

6    and each defendant be citizens of different states.").  Further, although Stewart alleges numerous

7    federal claims in his Counterclaim, analysis of a remand motion focuses on whether the

8    allegations contained in the *complaint* pose a federal question.  *See Ethridge v. Harbor House*

9    *Restaurant*, 861 F.2d 1389, 1394 (9th Cir.1988) ("The presence or absence of federal-question

10   jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal

11   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

12   pleaded complaint.").  Since the allegations contained in SFPCU's original complaint and SAC

13   are based entirely on state law, federal question jurisdiction is absent as well**.** *Franchise Tax*

14   *Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) ("A federal court does not

15   have original jurisdiction over a case in which the complaint presents only a state-law cause of

16   action.").

17                            **III. MOTION FOR CONTINUANCE**

18        The Court has considered whether to grant a continuance to Stewart in light of his recent

19   retention of counsel**.**  However, because removal clearly was untimely, no purpose would be

20   served by such a continuance.

21

22

23

24

25   ─────────────────

26       [3] Stewart filed an Amicus Curiae Brief ("ACB") on October 22, 2008 and a Second
     Amended Opposition to Plaintiff's Motion to Dismiss ("SAO") on October 29, 2008.  SFPCU
27   filed a Reply Brief to Stewart's SAO on October 30, 2008.  After reviewing these documents, the
     Court concludes that neither the ACB or the SAO  provide facts demonstrating that removal was
28   timely.

5

1

2                                **IV. ORDER**

3          (1) The motion for remand is GRANTED; (2) the motion for a continuance is DENIED;

4    and (3) the motion to dismiss is terminated as moot..

5

6    Dated: October 31, 2008

7

8                                              _____

9                                              JEREMY FOGEL
                                               United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        6

1   This Order has been served upon the following persons:

2   Austin D. Garner:  agarner@scheerimfeldlaw.com

3   Jonathan Seigel:  jseigel@scheerlawgroup.com

4   Leora R. Ragones:  lsimantov@llcllp.com, nduncan@llcllp.com

5   Reilly Dennis Wilkinson:  rwilkinson@scheerlawgroup.com

6   Joshua Louis Scheer
    Scheer Law Group
7   155 N. Redwood Drive
    Suite 100
8   San Rafael, CA 94903

9   Rosalie A Guancione
    15732 Los Gatos Blvd
10  Los Gatos, CA 95032

11  Spencer Paul Scheer
    Scheer Law Group
12  155 N. Redwood Drive
    Suite 100
13  San Rafael, CA 94903-1994

14  William Bullock Stewart, III
    2094 El camino Real
15  #218
    Santa Clara, CA 95050

16

17

18

19

20

21

22

23

24

25

26

27

28

7